Argued and submitted May 20, affirmed July 20, 1981

# STATE OF OREGON,
*Respondent,*

*v.*

# RALPH MENDENHALL,
*Appellant.*

(J79-1917, J79-1918, J79-1919, J79-1920,
J79-1921; CA 19187)

631 P2d 791

Dwayne R. Murray, Eugene, argued the cause for appellant. With him on the brief was Bischoff, Murray & Strooband, P.C., Eugene.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant was convicted of Theft in the First Degree and Conspiracy to Commit Theft in the First Degree under five indictments, the convictions on all of which were merged for sentencing. Under his first assignment of error, defendant seeks reversal of the judgments of conviction, and on his second assignment of error, he seeks a new trial.

■ Defendant's first assignment of error is:

"Upon first assignment of error is that the evidence does not support the verdict and show beyond a reasonable doubt the guilt of appellant."

We cannot tell from that whether defendant moved for a judgment of acquittal, and thus preserved the claimed error, or whether defendant contends that we should take notice of an error of law apparent on the face of the record. Rule 7.19 of the Supreme Court and Court of Appeals Rules of Procedure requires that each assignment of error be clearly and succinctly stated, that it be specific and that it set out verbatim the pertinent portions of the record in conformity with the illustrations set forth in Appendix F to the Rules. Defendant has not complied with that rule, which also provides that an assignment of error which the court may consider only by searching the record for the proceedings complained of will not be considered.[1] Accordingly, we decline to consider defendant's first assignment of error. *See H. N. M. Enterprises, Inc. v. Hamilton,* 49 Or App 613, 621 P2d 57 (1980), *rev den* (1981); *Green v. C & H Contractors, Inc.,* 53 Or App 187, 631 P2d 794 (1981).

Defendant's second assignment of error is:

"Trial Court erred in denying Defendant's Motion for a new trial based on the discovery of new evidence which could not with reasonable diligence have been discovered and produced at trial. ORCP 64 B(4)."[2]

---

[1] We note also that defendant has failed to comply fully with Rule 7.17, which requires the appellant's brief to set forth "a concise but *complete* summary of *all* the facts of the case material to the determination of the question * * *" presented.

[2] ORCP 64B(4) provides:

"B. A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party

The motion for new trial, together with the affidavits in support thereof, are set forth in the abstract as required by Rule 7.25.[3] That portion of the motion based upon newly discovered evidence relies upon the affidavit of Dan Matheson, an alleged co-conspirator with defendant and another, which stated that the affiant has been convicted of the offenses charged against him and defendant, and that although he is guilty, defendant is an innocent victim of circumstances and was not aware of the conspiracy. It appears from a pretrial motion by defendant for a change of venue that Mr. Matheson had been tried and convicted prior to the commencement of defendant's trial, and that fact was one on which defendant relied in attempting to obtain a change of venue for his trial.

The motion for a new trial is also supported by the affidavit of defendant's attorney, who stated that the affidavit of Mr. Matheson was not obtained until subsequent to the defendant's trial, that the evidence represented thereby was not previously available and was not discoverable prior to trial. That affidavit does not state that defendant attempted to obtain the testimony of Mr. Matheson or that he subpoenaed him in connection with defendant's trial.

■■ Motions for new trial based on newly discovered evidence are not favored and are viewed with distrust. *State v. Walker*, 244 Or 404, 412-13, 417 P2d 1004 (1966); *State v. Williams*, 2 Or App 367, 468 P2d 909 (1970). They are addressed to the sound discretion of the trial court. In *Williams*, the court stated:

"Newly discovered evidence which will justify a new trial:

"(1) must be such as will probably change the result if a new trial is granted;

---

aggrieved for any of the following causes materially affecting the substantial rights of such party:

"* * * * *

"B.(4) Newly discovered evidence, material for the party making the application, which such party could not with reasonable diligence have discovered and produced at the trial."

[3] That rule, together with Appendix H, Illustration 15, also requires that the order disposing of the motion be set forth, which was not done here. We consider defendant to have substantially complied with the rule, and decide the question presented.

"(2)  must have been discovered since the trial;

"(3)  must be such as could not have been discovered before the trial by the exercise of due diligence;

"(4)  must be material to the issue;

"(5)  must not be merely cumulative of former evidence;

"(6)  must not be merely impeaching or contradicting of former evidence." 2 Or App at 371.

The motion here shows only that defendant did not obtain the affidavit of Mr. Matheson until after defendant's trial. Mr. Matheson does not state in his affidavit that he would not have absolved defendant if he had been called as a witness at defendant's trial. It was noted at the argument on the motion that Mr. Matheson testified on his own behalf during his trial; he then denied being involved in the conspiracy. In a sense, the evidence (affidavit) exculpating defendant was not "discoverable" until Mr. Matheson was prepared to change his sworn testimony, but that circumstance only makes the new evidence quite suspect.

█    The trial judge considered all of the details of Mr. Matheson's affidavit with the evidence (particularly documentary evidence) adduced at the defendant's trial and concluded that Mr. Matheson's statements would probably not change the result if a new trial were granted.

The trial court did not abuse its discretion in denying the motion.

Affirmed.