Argued and submitted June 20, 1094, affirmed August 7, reconsideration denied September 27, petition for review denied October 22, 1985 (300 Or 180)

STATE OF OREGON,
*Respondent,*

*v.*

ANTHONY RODRIGUES GARCIA,
*Appellant.*

(81-1519-C, 81-1520-C, 81-1521-C, 81-1524-C,
81-1525-C, 81-1526-C; CA A30355)
(Cases Consolidated)

704 P2d 544

Shaun S. McCrea, Eugene, argued the cause for appellant. On the brief was Robert J. McCrea.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant was convicted on six counts of first degree robbery. His first trial, which included a charge of conspiracy, had resulted in his acquittal for conspiracy and a mistrial by reason of a hung jury on the robbery counts. The directed acquittal on the conspiracy charge was based on improper venue. On appeal, he contends that that acquittal for criminal conspiracy bars his reprosecution for robbery, because the only evidence connecting him to the robbery is the same as that which was used to prove the conspiracy. We affirm.

On November 22, 1980, several participants in a poker game in Josephine County were robbed by two masked men, one of whom was armed with a shotgun. There was testimony, including that of the robbers, who had been granted immunity, from which a jury could have found that defendant agreed with the robbers to participate in the crime.[1] In return for a share of the proceeds, defendant agreed to purchase a shotgun for use in the robbery and to attend the poker game so that he could let the robbers in through a door that normally was chained shut. He did, in fact, purchase a shotgun the night before the robbery and, although the shotgun was not found, witnesses identified the one used in the robbery as similar in appearance to a catalog picture of the one purchased by defendant.

Although defendant attended the poker game, the robbers gained access when an innocent bystander opened the door. Defendant did not let the robbers in or take any part in the robbery itself; however, there is evidence that he shared in the proceeds of the robbery. The evidence shows that every act of defendant on which the state relies—the agreement, the purchase of the shotgun and the sharing—occurred outside of Josephine County, except his presence at the time of the robbery.

At the first trial, defendant's motion for judgment of acquittal was granted expressly on the ground that "venue on Count II was improperly laid to charge of conspiracy in Josephine County * * *." The jury was unable to reach a verdict on the robbery counts, resulting in a mistrial. At the

---

[1] We state the facts surrounding the robbery and the agreement in the light most favorable to the state.

retrial on the robbery counts, defendant moved to dismiss on former jeopardy grounds, contending that his acquittal for conspiracy barred a retrial for robbery. The motion was denied, and he was convicted on an accomplice theory. He contends on appeal, first, that his retrial was barred on former jeopardy grounds and, second, that evidence of the conspiratorial agreement should not have been admitted, because he had been acquitted of the conspiracy.[2]

■    The heart of defendant's argument is that, because he had been acquitted of conspiracy to commit robbery, he could not be tried thereafter for the substantive offense to which the conspiracy related if, as here, the only evidence on which the state relies is the conspiracy. To some extent, the argument appears to be one of semantics, because the inchoate crime of conspiracy involves an agreement between the defendant and one or more persons to engage in or cause the performance of conduct constituting certain crimes, including robbery, ORS 161.450; whereas a defendant may be criminally liable for the acts of another if he agrees to aid or abet that other in planning or committing the crime. ORS 161.155(1)(b). However, according to the legislative commentary to ORS 161.155, from a technical standpoint conspiracy *per se* is not a ground for accomplice liability.

If there is a problem here, it is because the state, from the outset of the robbery retrial and over defendant's objection, insisted that it was entitled to prove the conspiracy *qua* conspiracy in order to establish defendant's liability as an accomplice. The trial court agreed. That posture of the case might have made a difference in the admissibility of the

---

[2] Two other matters to which defendant alludes are not assigned as error. He claims that the trial court should have excluded co-conspirator hearsay evidence, because it was uncorroborated. No ruling is assigned as error, and we decline to consider the issue. *State v. Mendenhall*, 53 Or App 174, 176, 631 P2d 791 (1981). In any case, defendant conceded that he purchased a shotgun on the night of the robbery, which, along with eyewitness testimony about the appearance of the robbery weapon, would provide independent corroboration for the testimony that there was an agreement.

Defendant's argument that he had no notice that the robbery charge would be based on accomplice liability is without merit. There is no contention that he was denied pretrial discovery, and it is clear that the state may obtain a conviction on an accomplice theory after charging a defendant as a principal. ORS 161.155; *State v. Steeves*, 29 Or 85, 90-91, 43 P 947 (1896). In any event, because of the first trial, defendant was clearly on notice of the state's theory at the second trial.

testimony of key witnesses because of the need for corroboration if they were treated as accomplices rather than as co-conspirators. Defendant assigns no error on that ground, however; his second assignment of error is that the court erred in admitting *any* evidence to prove a conspiracy and in permitting the use of that term by the state.

In the context in which that assignment is presented, we believe that the argument is only one of semantics. In order to establish accomplice liability, as distinct from a conspiracy, it is necessary to show that the crime to which the agreement related was committed. That was done here. To require the state to prove, as defendant seems to contend, that he actually participated in the robbery would destroy the concept of accomplice liability and nullify the plain meaning of the statute. Furthermore, there was evidence that defendant went beyond agreeing to aid and abet, because he concedes that he purchased a shotgun on the night before the robbery, and there was testimony that he shared in the spoils.

Defendant also argues that the jury was confused by the interchangeable use of "agreement" and "conspiracy" by the state, so that it may have convicted him of conspiracy rather than robbery. Assuming that the jury was properly instructed, and there is no contention that it was not, we fail to see how the jury could have convicted defendant of conspiracy. Not only did the state prove that the robbery had taken place, an element not necessary to prove a conspiracy, it also proved at least one overt act by defendant in furtherance of the alleged agreement. Accordingly, the second assignment presents no reversible error.

We turn now to defendant's principal claim—that his retrial for robbery was barred by former jeopardy, because he had been acquitted of the conspiracy charge, which involved the same facts—an agreement to commit the robbery. He relies on the Oregon Constitution, Article I, section 12, and the Fifth Amendment to the United States Constitution and Oregon statutory former jeopardy provisions. ORS 131.505 to 131.535.

Taking the statutory claim first, ORS 131.515 bars separate prosecutions for offenses based on the same criminal episode under certain circumstances, as well as a second prosecution for the same offense. Here the state has made no

attempt to prosecute defendant separately for conspiracy and robbery, which would be prohibited by ORS 131.515(2) if venue on both charges had been in Josephine County. All charges were joined in a single prosecution, improperly as it turned out, and the retrial resulting from the hung jury does not constitute a separate prosecution on related charges, but a permissible reprosecution on one of the charges. ORS 131.525(1)(b)(D). Even if defendant's acquittal on the conspiracy charge bars the state from recharging him on that charge in the proper county, it does not make the retrial on the robbery counts an impermissible separate prosecution under that statute. If the state had withdrawn its conspiracy indictment before jeopardy attached at the first trial, it could still have retried defendant on robbery charges after the mistrial. ORS 131.525(1)(b)(D). Similarly, the state could have charged defendant with both conspiracy and robbery in Jackson County.[3] However, defendant could not be convicted and punished for both the criminal conspiracy and the completed robbery. ORS 161.485(3).

Although defendant's retrial is permitted by ORS 131.525(1)(b)(D), it is possible that application of the statute here may violate the policies underlying the statutory amplification of the former jeopardy idea. Those policies forbid prosecution solely for the purpose of conducting a "dry run" or for the purpose of harassing and wearing down a defendant. *See, e.g., State v. Brown,* 262 Or 442, 448-49, 497 P2d 1191 (1972). To claim, as defendant does, that the improper joinder of the conspiracy charge was an intentional dry run for the second robbery prosecution is to ignore the fact that the state attempted to gain a robbery conviction in the first trial and failed only because of a hung jury. The fact that both parties had two chances to see and hear all of the witnesses stems from the hung jury, not from the improper venue. The retrial would have occurred even if defendant had not been charged with criminal conspiracy.

The question remains whether defendant's acquittal of conspiracy prohibits the state, on constitutional former jeopardy grounds, from relying on the conspiratorial agreement to establish defendant's accomplice liability in the

---

[3] Venue for both conspiracy and "accomplice robbery" would have been proper in the county where the agreement took place. ORS 131.315(7),(9),(10); 161.155.

robbery retrial. Defendant contends that the effect of the acquittal, even though the judgment expressly states that it is based on improper venue, is the same as a jury verdict of acquittal and, therefore, not only bars reprosecution for conspiracy in the proper county, but also another attempt to prove the agreement in the robbery prosecution. We conclude that the acquittal here is the same as, or at least closely analogous to, one that is grounded on a variance between the accusatory instrument[4] and the proof, in which case the acquittal does not bar reprosecution. ORS 131.535(1);[5] *State v. Jones,* 240 Or 546, 402 P2d 738 (1965). The constitutionality of the statute is not challenged; in fact, it is not mentioned.

■     Even if that statute did not control, the judgment of acquittal, on its face, is limited to deciding the question of venue. Although defendant does not refer to collateral estoppel, his argument is that the facts involved in the conspiracy may not be relitigated in the robbery retrial, because they had been resolved in his favor by the acquittal. The doctrine of collateral estoppel in criminal cases is related, but not identical, to former jeopardy. *Ashe v. Swenson,* 397 US 436, 90 S Ct 1189, 25 L Ed 2d 469 (1970); *State v. George,* 253 Or 458, 466, 455 P2d 609 (1969); *State v. Sprague,* 25 Or App 621, 626, 550 P2d 769 (1976). It bars proof of any fact or issue necessarily decided by a previous verdict. ORS 43.160;[6] *Ashe v. Swenson, supra; State v. Mozorosky,* 277 Or 493, 561 P2d 588 (1977); *State v. George, supra.* Here, the acquittal of conspiracy decided only that the state had failed to prove venue in Josephine County. There was no error in denying defendant's motion.

Affirmed.

---

[4] The conspiracy indictment alleged that the acts took place in Josephine County.

[5] ORS 131.535(1) provides:

"The following proceedings will not constitute an acquittal of the same offense:

"(1) If the defendant was formerly acquitted on the ground of a variance between the accusatory instrument and the proof * * *."

[6] ORS 43.160 provides:

"That only is determined by a former judgment, decree or order which appears upon its face to have been so determined or which was actually and necessarily included therein or necessary thereto."