Argued and submitted May 23, conviction for delivery of controlled substance reversed and remanded with instructions July 20, 1988

# STATE OF OREGON,
*Respondent,*

*v.*

# RENEE CAROL FREDERICKSON,
*Appellant.*

## (86-1391; CA A45513)

757 P2d 1366

David L. Rich, Hillsboro, argued the cause for appellant. With him on the brief was Rich & Nachtigal, Hillsboro.

Leslie Westphal, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Graber, Judges.

GRABER, J.

**GRABER, J.**

Defendant appeals her conviction for delivery of a controlled substance. ORS 475.992(1). She argues that the trial court erroneously construed the statutes defining "delivery" and that, properly construed, they do not permit her conviction. We reverse the conviction for delivery but hold that defendant is guilty of attempted possession of a controlled substance.

The trial court found the following facts, which are supported by the evidence. *Ball v. Gladden,* 250 Or 485, 489, 443 P2d 621 (1968). Defendant went to a residence for the purpose of buying cocaine from the man who lived there. Unbeknownst to her, the occupant of the house had been arrested, and the person who answered the door was an undercover narcotics officer. Defendant negotiated the purchase of one gram of cocaine and gave the undercover officer a check for $90. She was then arrested and charged with delivery of a controlled substance.

In essence, defendant contends that the delivery statute applies only to the transferor, not to the recipient, of contraband. We agree. ORS 475.992(1) provides:

"[I]t is unlawful for any person to manufacture or deliver a controlled substance."

ORS 475.005(8) defines "deliver":

" 'Deliver' or 'delivery' means the actual, constructive or attempted transfer, other than by administering or dispensing, from one person to another of a controlled substance, whether or not there is an agency relationship."

The legislature has defined "delivery" the way it is commonly understood: as a "transfer * * * from one person to another." "Transfer" is not defined by statute. It means, among other things, "give," "yield possession or control of," or "send." *Webster's Third New International Dictionary* 597. Defendant did not transfer or attempt to transfer the cocaine. Therefore, she did not "deliver" it within the meaning of ORS 475.005(8).[1]

The state stresses the phrase "from one person to

---

[1] We have found no legislative history that would assist us in defining "delivery."

another" and argues that it shows a legislative intent to include both the transferor and the recipient. That reading ignores the transitive, one-way nature of the verb "transfer" and the straightforward sense of the statute. The limiting phrase distinguishes a person who transfers a controlled substance to another person from one who transfers it, for example, "from one container to another." We reject the state's strained interpretation.

Our reading of the statute is consistent with the chapter as a whole. "Delivery" means a transfer that is *not* "administering or dispensing." ORS 475.005(8). Because companion statutes should be read *in pari materia, Kankkonen v. Hendrickson et al,* 232 Or 49, 67, 374 P2d 393 (1962), we interpret "deliver" in relation to "administer" and "dispense." ORS 475.005(2) and (10) provide, respectively:

> " 'Administer' means the direct application of a controlled substance, whether by injection, inhalation, ingestion or any other means, to the body of a patient or research subject by:
>
> "(a)    A practitioner or an authorized agent thereof; or
>
> "(b)    The patient or research subject at the direction of the practitioner.
>
> " 'Dispense' means to deliver a controlled substance to an ultimate user or research subject by or pursuant to the lawful order of a practitioner, and includes the prescribing, administering, packaging, labeling or compounding necessary to prepare the substance for that delivery."

In context, two things are clear. First, when the legislature has intended to encompass the recipient as well as the transferor, it has done so. *See* ORS 475.005(2)(b); *see also* ORS 164.095. Second, the three verbs—administer, deliver, and dispense—describe three ways by which *the actor hands over a drug* to another.

The state next asserts that defendant is guilty of "delivery" nonetheless, because she aided and abetted in a delivery. ORS 161.155 provides, in part:

> "A person is criminally liable for the conduct of another person constituting a crime if:
>
> "* * * * *
>
> "(2)    With the intent to promote or facilitate the commission of the crime the person:

"(a)   Solicits or commands such other person to commit the crime; or

"(b)   Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime * * *."

The problem with the argument is that the police officer who agreed to deliver cocaine to defendant did not commit a crime. By its own terms, the aiding or abetting statute applies only when there is "conduct of another person constituting a crime." There was no such conduct here; therefore, defendant could not aid or abet. *See United States v. Powell,* 806 F2d 1421, 1424 (9th Cir 1986); *see also State v. Garcia,* 74 Or App 649, 653, 704 P2d 544, *rev den* 300 Or 180 (1985).

Our disposition of the aiding and abetting issue is consistent with the statute's legislative history. Most of ORS 161.155(2) is drawn from Model Penal Code § 2.06(3). *See Commentary to Proposed Oregon Criminal Code* § 13B (*see* ORS 161.155). The Model Penal Code provision is "predicated * * * on the actual commission of an offense by the person aided. * * * [O]ne who aids, or attempts to aid, or agrees to aid, is thus liable under [the Model Penal Code] only if the principal actor actually commits an offense." *Commentary to Model Penal Code* § 2.06(3), n 46.[2] Here, the police officer did *not* commit an offense.

■       Finally, the state argues that, if defendant is not guilty of delivery of a controlled substance, she is guilty of attempted possession of a controlled substance, a lesser included offense. The state is correct. ORS 475.992(4); ORS 161.405; ORS 136.465; *State v. Finn,* 79 Or App 439, 719 P2d 898 (1986). We direct entry of judgment accordingly. Or Const., Art VII (amended), § 3; ORS 138.240.

Conviction for delivery of a controlled substance reversed; remanded with instructions to enter a judgment of

---

[2] Our interpretation of ORS 161.155(2)(b) is also supported by the legislative commentary:

"Although the crime of solicitation could be used as a basis for prosecution even where the substantive crime was actually committed, it is anticipated that solicitation will be employed primarily where the solicitation was unsuccessful, and that prosecution as an accomplice will be the normal course in cases where the solicitation *did actually lead to the commission of a crime." Commentary to Proposed Oregon Criminal Code* § 13C (ORS 161.155). (Emphasis supplied.)

conviction for attempted possession of a controlled substance and to resentence.