Argued and submitted July 29, 1988, reversed and remanded in part; otherwise
affirmed, January 25, reconsideration allowed by opinion April 26, 1989
See 96 Or App 228, 772 P2d 442

## STATE OF OREGON,
*Respondent,*

*v.*

## JOHN RAYMOND DEPTUCH,
*Appellant.*

(10-86-08255; CA A46617)

767 P2d 471

Robert J. McCrea, Eugene, argued the cause and filed the brief for appellant.

Leslie Jo Westphal, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals his convictions for unlawful possession of a controlled substance, ORS 475.992(4)(b), conspiracy to deliver a controlled substance, ORS 475.992(1)(b), and unlawful possession of a weapon. ORS 166.250. He assigns error to the denial of his motion to suppress evidence relevant to all three counts, claiming that it was discovered as a result of an illegal stop, and to the giving of jury instructions pertaining to the conspiracy charge. We affirm the denial of the motion to suppress and reverse the conviction for conspiracy to deliver.

At approximately 11:40 p.m. on April 28, 1986, two uniformed police officers were patrolling in an unmarked patrol car that had no overhead lights or flashers. They saw a van pull into a closed gas station, stop and rendezvous with a black Porsche. Both vehicles then moved away from the station, went down a sparsely populated side street, pulled into a business driveway and, after their headlights were turned off, turned around, moved about 600 feet, pulled up along the curb-line and were parked with their engines running. Defendant got out of the van and disappeared from the officers' view.

The officers drove their car to where the two vehicles were, parked alongside and about five feet from them and turned a spot light on the rear of the van and the front of the Porsche. Defendant testified that the officers parked in a manner that blocked the two vehicles from leaving and that, immediately after getting out of their car, one of the officers said, "Hold it, this is the police." The officer who testified at trial said that they parked parallel to the two vehicles and did not block their path and that neither he nor his partner said anything immediately when they got out of the car. He said that he saw defendant crouching by the passenger door of the Porsche, in which he saw two people. As he approached the car, he saw hands moving on the right side of the passenger seat and then saw something fly out of the car into the field,[1] "a lot of money" all over the lap of the passenger, cash and a baggie of white powder sticking out of the passenger's pocket and a small brown vial that the officer recognized as being

---

[1] The object was later found to be a bag of cocaine.

useful for ingesting cocaine. According to the officer, it was at that point that he first spoke, telling the men to keep their hands where they could be seen. The officers then arrested the three men and searched the car and van, finding the evidence that defendant seeks to suppress.

Defendant contends that he was stopped without reasonable suspicion that he had committed a crime, in violation of ORS 131.615(1).[2] Although the trial court's findings are not as precise as we would like to have them, we interpret them to include a finding that the officers' *initial* contact was not a stop, that the officers said nothing to defendant or the others until they saw what they believed to be evidence of criminal activity, at which time a stop occurred. We agree that, under the facts as related by the officer, their pulling up alongside the parked car and van and shining a spotlight on those vehicles did not constitute a stop. There was no restraint of defendant's liberty or show of police authority by those actions. ORS 131.605(5); *see State v. Spenst,* 62 Or App 755, 758, 662 P2d 5, *rev den* 295 Or 447 (1983). The officers were free to approach defendant, identify themselves as officers and ask preliminary questions, without making a stop. *State v. Kennedy,* 290 Or 493, 498, 624 P2d 99 (1981). The cars were parked along an unimproved dead-end road with open fields on both sides. Illuminating the area with a spotlight, as distinguished from activating flashers, was not a show of police authority.

A stop did not occur until the officers told defendant and his cohorts to "hold it" and to keep their hands where they could be seen, at which time they had a reasonable suspicion that defendant had committed a crime. The stop was valid, and the evidence obtained as a result of the stop was admissible.

Because the denial of defendant's motion to suppress is the only error assigned to defendant's convictions for possession of a controlled substance and unlawful possession of a weapon, we affirm those convictions.

---

[2] ORS 131.615(1) provides:

"A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that the peace officer is a peace officer, make a reasonable inquiry."

■    Defendant contends that his conviction for conspiracy to deliver a controlled substance should be reversed, because the trial judge erred in instructing the jury that " 'Delivery' or 'deliver' * * * includes both the deliverer or recipient." The instruction was erroneous. In *State v. Frederickson*, 92 Or App 223, 757 P2d 1366 (1988), we held that a recipient is not a deliverer. Accordingly, we reverse the conviction for conspiracy to deliver a controlled substance.[3]

Judgment of conviction for conspiracy to deliver a controlled substance reversed and remanded for a new trial; otherwise affirmed.

---

[3] Defendant also assigns error to the instruction on the conspiracy charge regarding the time-frame within which the jury could find that the conspiracy occurred. Given our decision on the delivery instruction, it is unnecessary to decide that issue.