On appellant's petition for reconsideration filed February 14, reconsideration allowed, former opinion (95 Or App 54, 767 P2d 471) supplemented and adhered to April 26, 1989

# STATE OF OREGON,
*Respondent,*

*v.*

# JOHN RAYMOND DEPTUCH,
*Appellant.*

(10-86-08255; CA A46617)

772 P2d 442

Robert J. McCrea, Eugene, for petition.

No appearance *contra.*

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In his petition for reconsideration, defendant persuades us that we erred when we stated that the error that he assigned to the giving of a jury instruction did not apply to his conviction for unlawful possession of a controlled substance. ORS 475.992(4)(b). He had also been convicted of conspiracy to deliver a controlled substance, ORS 475.992(1)(b), and unlawful possession of a weapon. ORS 166.250. On appeal, we reversed the conviction for conspiracy and affirmed the other two convictions. *State v. Deptuch,* 95 Or App 54, 767 P2d 471 (1989). We grant the petition, consider that assignment and reverse the conviction for possession of a controlled substance.

Without restating all of the facts, it is sufficient to state that, on the evening of April 28, 1986, two police officers witnessed defendant, driving a van, rendezvous with two men in a black Porsche. The officers approached the three after defendant had stopped his van and walked up to the Porsche. One of the officers saw a large amount of money on the lap of the passenger in the Porsche, a baggie of white powder sticking out of his pocket and a baggie of powder fly out of the passenger's window. The officers arrested the three men and searched them and their vehicles. Cocaine was found in the Porsche and on the person of one of its occupants. No controlled substances or paraphernalia were found either on defendant or in his van. An unregistered handgun was found in the van.

Defendant was indicted on four counts, all of which specified crimes arising from the transaction on April 28, 1986. At trial, the prosecution, in apparent support of the conspiracy charge, offered testimony of a codefendant that he had delivered cocaine to defendant two or three months before the incident alleged in the indictment. After defendant's motion for judgment of acquittal was denied, defendant testified. On cross-examination, he admitted the earlier incidents. The judge instructed the jury:

> "Although the prosecution must prove beyond a reasonable doubt that the crime occurred, the exact date when the crime was committed is not a material element. It is sufficient that the prosecution establishes that the crime, if any,

occurred between the dates of October 10, 1983 and October 10, 1986."

Defendant duly objected to the instruction.

It is clear that state relied on the April 28 incident that resulted in defendant's arrest. There is no dispute but that the incident occurred on that date and gave rise to the four charges. This is not a case where the exact date of the events is open to question. Defendant has been charged specifically with crimes alleged to have been committed on April 28, 1986.[1] In *State v. Pace,* 187 Or 498, 506, 212 P2d 755 (1949), the court said:

> "Where the evidence discloses only one offense within the statutory period, the time of commitment thereof is not material. If, however, the evidence tends to show more than one similar act, the State is required to make an election and time becomes material."

The state here elected to prosecute defendant for the events that occurred on the date alleged. In *State v. Bauer,* 183 Or 481, 483, 193 P2d 999 (1948), the court held:

> "The state having elected to stand upon its purported proof of the commission of the crime charged upon the 13th day of June, 1947, the jury was without authority to convict defendant of a crime committed on any other day."

■■ Because there was no evidence that defendant possessed narcotics on the night of his arrest on April 28, 1986, the instruction was prejudicial error with respect to that conviction; the jury might well have found him guilty on the evidence of the earlier incident. Because the only evidence of defendant's possession of an illegal firearm related to the night of his arrest, the instruction was harmless with respect to that conviction.

Reconsideration allowed; former opinion supplemented to reverse and remand[2] conviction for unlawful possession of a controlled substance; as supplemented, former opinion adhered to.

---

[1] ORS 132.560(2) permits joinder of charges when they are "for the same act or transaction." It would have been impermissible to join the charges here if the state were relying on acts that had occurred three months earlier.

[2] Defendant has not assigned error to the denial of his motion for judgment of acquittal.