On appellant's petition for reconsideration filed June 12, reconsideration allowed; former decision (96 Or App 547, 775 P2d 346) withdrawn; reversed and remanded for new trial September 6, 1989

## CITY OF PORTLAND,
*Respondent,*

*v.*

## PAULSON,
*Appellant.*

(DA373375; CA A50023)

779 P2d 188

Garrett A. Richardson, Portland, for petition.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant petitions for review of our decision in 96 Or App 547, 775 P2d 346 (1989), affirming without opinion. We treat the petition as one for reconsideration, ORAP 10.10, we grant the petition and we reverse.

The police were called to investigate a shooting in defendant's apartment building. Defendant was arrested, removed from his apartment and placed in a patrol car. The arresting officer returned to the apartment, and a woman who told the officer that she lived there led him to a handgun in a bedroom closet. The officer seized the gun, as well as some spent shell casings that were on a dresser in the bedroom. Defendant appeals his conviction for discharging a firearm within the City of Portland in violation of the Portland City Code. Portland City Code 14.32.010. He assigns as error the trial court's failure to grant his motion to suppress the gun and the shell casings.[1] The court denied the motion on the ground that the woman had consented to the search. The issue is whether the city carried its burden of proof that the woman had authority to consent.

■ The city had the burden to prove the applicability of the third party consent exception to the rule that a warrantless seizure is *per se* unreasonable. *See* ORS 133.693(4); *State v. Kennedy,* 290 Or 493, 502, 624 P2d 99 (1981). Whether the woman's conduct constituted a valid consent under Article I, section 9, depends on whether she had common authority with defendant over the bedroom and closet. *See State v. Britten,* 89 Or App 374, 378, 749 P2d 1193, *rev den* 306 Or 78 (1988).

---

[1] Defendant also assigns error to the trial court's denial of his motion to suppress his statements obtained through custodial interrogation, arguing that they were the "fruit" of an illegal arrest. The city concedes that its officer lacked authority to arrest defendant. However, it argues that we should not consider the assignment, because defendant's brief does not set out verbatim or otherwise the content of the statements and does not demonstrate how their admission prejudiced him or indeed even tell us whether the statements were admitted at trial. We agree. We decline to search the record to determine whether the trial court committed prejudicial error. *See* ORAP 7.19; *State Dept. of Trans. v. Scott,* 59 Or App 25, 28 n 2, 650 P2d 158 (1982); *State v. Mendenhall,* 53 Or App 174, 176, 631 P2d 791 (1981); *see also State v. Miller,* 300 Or 203, 220-21, 709 P2d 225 (1985), *cert den* 475 US 1141 (1986). We need not decide whether purported consent was the fruit of the illegal arrest, because we hold that the city did not prove that the woman had authority to consent to the search.

■ The only evidence presented to the trial court relating to that issue was the officer's statement that the woman had told him that she lived in the apartment. The city offered no evidence as to the relationship of defendant and the woman, their living arrangements, whether anyone other than defendant and the woman lived in the apartment, whether the woman used the bedroom or used the closet, the number of bedrooms in the apartment or the number of closets in the bedroom.

The city did not carry its burden. Without additional evidence, no inference can be drawn that defendant granted the woman any actual authority over the bedroom and the closet from which the gun and shell casings were seized. The mere fact that she lived in the apartment is insufficient by itself to draw such an inference. *See State v. Carsey,* 295 Or 32, 664 P2d 1085 (1983); *State v. Lynch,* 94 Or App 168, 764 P2d 957 (1988).

Reconsideration allowed; former decision withdrawn; reversed and remanded for new trial.