Argued and submitted February 28, affirmed July 25, petition for review denied December 5, 2007 (343 Or 554)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ALICIA MACMICHAEL WILLIAMSON,
*Defendant-Appellant.*

Washington County Circuit Court
C023504CR; A123462

164 P3d 315

Leland R. Berger argued the cause for appellant. With him on the brief was Anthony L. Johnson.

Benjamin R. Hartman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ROSENBLUM, J.

## ROSENBLUM, J.

■ Defendant was convicted of manufacturing and possessing marijuana, a controlled substance, in violation of *former* ORS 475.992(1)(a) (2001), *renumbered as* ORS 475.840(1)(a) (2005), and *former* ORS 475.992(4)(a) (2001), *renumbered as* ORS 475.840(4)(a) (2005), respectively. At trial, defendant, a medical marijuana user, presented an affirmative defense to the charges under the Oregon Medical Marijuana Act (OMMA), which, under certain circumstances, excepts users of medical marijuana from criminal prosecution. *See* ORS 475.300 - 475.346. The jury convicted her on all counts. On appeal, defendant assigns error to the trial court's jury instruction that generally tracked the language of the statutory exception to the affirmative defense by stating that an affirmative defense is not available under the OMMA "if the person, in connection with the facts giving rise to such charges, delivers marijuana to any individual who the person knows is not in possession of a medical marijuana card." *See* ORS 475.316(1)(c) (2001).[1] Defendant argues that the evidence did not support giving the instruction because any delivery by defendant was "*de minimus* and otherwise unrelated to the charges of manufacture and possession of marijuana." Because there was evidence from which a reasonable juror could conclude that defendant delivered at least some of the same marijuana that she was charged with possessing and manufacturing, we affirm.

When police officers executed a warrant to search defendant's home, they seized 11 marijuana plants and approximately three ounces of usable marijuana. Defendant was interviewed by police at her workplace shortly after the search. She told one of those officers, Hoskins, that she had

---

[1] ORS 475.316(1)(c) (2001) provides:

"No person authorized to possess, deliver or produce marijuana for medical use pursuant to ORS 475.300 to 475.346 shall be excepted from the criminal laws of this state or shall be deemed to have established an affirmative defense to criminal charges of which possession, delivery or production of marijuana is an element if the person, in connection with the facts giving rise to such charges:

"* * * * *

"(c) Delivers marijuana to any individual who the person knows is not in possession of a registry identification card."

grown the plants from seeds for her personal use, and that both she and her boyfriend, Frederick Still, smoked marijuana "[p]retty much every day." Defendant also told Hoskins that she taught Still how to grow marijuana, and that Still wanted "to expand the garden and grow more marijuana * * * [s]o he would have more marijuana to smoke." Defendant told Hoskins that "she didn't allow [Still] to smoke as much marijuana as he wanted to," because "[s]he wanted to make it last as long as possible." Although Hoskins did not ask whether defendant had shared marijuana with Still within the past three years, "that was [his] understanding." Defendant also told the officers that she had given marijuana to chemotherapy patients in Oregon and once traded marijuana to a handyman in exchange for work on her Oregon home. Defendant did not give the officers any information about when she shared marijuana with Still, the chemotherapy patients, or the handyman.

For reasons that are not disclosed by the record, defendant was neither arrested nor charged with any offense in connection with the marijuana at the time it was seized. Several months later, however, she was arrested and charged with illegally manufacturing, possessing, and delivering for consideration marijuana based on the evidence obtained during the search.[2]

The case was tried to a jury. Defendant did not dispute that she manufactured and possessed marijuana, and she admitted on the stand that she had "smoked with [Still] on occasion. Yes, of course." She nevertheless maintained that she was entitled to an exemption from criminal prosecution as a user of medical marijuana. *See* ORS 475.319(1) (2001). The state contended that the affirmative defense was unavailable because defendant had delivered marijuana to an individual whom she knew was not in possession of a medical marijuana card by sharing marijuana with Still. *See* ORS 475.316(1)(c) (2001); ORS 475.005(8) (defining "delivery" as "the actual, constructive or attempted transfer * * * from one person to another of a controlled substance * * *"); *cf. State v. Frederickson*, 92 Or App 223, 225, 757 P2d 1366 (1988) ("The

---

[2] The state voluntarily dismissed the delivery for consideration during its case-in-chief.

legislature has defined 'delivery' the way it is commonly understood: as a transfer * * * from one person to another. 'Transfer' is not defined by statute. It means, among other things, 'give.' " (citation omitted)); *State v. Graves*, 73 Or App 172, 174-77, 697 P2d 1348 (1985) (evidence that a defendant shared a marijuana cigarette with a third party can support a conviction for delivery).

The trial court instructed the jury as follows:

"The Oregon Medical Marijuana Act provides a defense to criminal charges of Possession or Manufacture of Marijuana if the person charged with the offense is a person who, one, has been diagnosed with a debilitating medical condition within 12 months prior to her arrest, not to the incident, but to her arrest, and has been advised by her attending physician [that] the medical use of marijuana may mitigate the symptoms or effects of that debilitating medical condition, and two, is engaged in the medical use of marijuana[,] * * * and three, possesses or manufacturers no more than seven marijuana plants and three ounces of usable marijuana, unless the person proves by a preponderance of the evidence that the greater amount is medically necessary, as determined by the person's attending physician, to mitigate the symptoms or effects of the person's debilitating medical condition.

"A person asserts this affirmative defense even though she has not received a medical marijuana card. The defendant must prove this defense by a preponderance of the evidence. *This defense is not available if the person, in connection with the facts giving rise to such charges, delivers marijuana to any individual who the person knows is not in possession of a medical marijuana card.*"

(Emphasis added.) The jury convicted defendant of one count of possession of marijuana and one count of manufacturing marijuana.

The sole issue on appeal is whether the evidence adduced at trial was sufficient to support the trial court's instruction to the jury limiting application of the OMMA affirmative defense. A party is entitled to a jury instruction on its theory of the case if the requested instruction correctly states the law, is based on the operative pleadings, and is supported by the evidence. *Hernandez v. Barbo Machinery*

*Co.*, 327 Or 99, 106, 957 P2d 147 (1998). In her brief, defendant contended that it is error as a matter of law to give the instruction unless a defendant is charged with delivery of marijuana (here, as noted, the delivery charge was dismissed before the case was sent to the jury), but at oral argument, defendant's counsel correctly acknowledged that the instruction may be appropriate even if a defendant is charged only with possession and manufacture of marijuana, so long as there is a sufficient nexus between the purported delivery and the charged offenses. Thus, the only question remaining before us is whether the evidence was sufficient to support the instruction.

Defendant argues that there was no evidence from which a reasonable jury could conclude that her sharing marijuana with Still and others was "in connection with" her possessing and manufacturing marijuana on August 20, 2002, and that the trial court therefore erred by giving the instruction. The state responds that Hoskins's testimony supports a reasonable inference that defendant delivered marijuana to Still "in connection with the facts giving rise to" the charges for possession and manufacture of marijuana, making the instruction appropriate.

We agree with the state. Although there was no direct evidence that defendant shared the same marijuana with Still that she was arrested for possessing and manufacturing, the jury could reasonably so infer if it believed Hoskins's testimony. Defendant told Hoskins that she and Still "both smoke marijuana" "[p]retty much every day," that Still "had tried to get her to expand the garden and grow more marijuana" "[s]o he would have more marijuana to smoke," and that she "didn't allow him to smoke as much marijuana as he wanted to" because "[s]he wanted to make it last as long as possible." Defendant's statements to Hoskins imply that defendant permitted Still to smoke some of the marijuana she manufactured but limited his use. That inference is bolstered by defendant's own testimony at trial that she has "smoked with [Still] on occasion. Yes, of course. Be silly to lie to you." Although defendant argues that her sharing of marijuana was "*de minimus*," the law contains no such exception; the affirmative defense is not available for charges involving possession or manufacture if, in connection with

those charges, the defendant delivered *any* amount of marijuana to a person not in possession of a registry card. *See* ORS 475.316(1)(c).

We conclude that the circumstantial evidence of defendant's delivery of marijuana to Still was sufficient to support the giving of the jury instruction. Whether that evidence rendered the affirmative defense unavailable was a question for the jury. The trial court did not err in giving the instruction.

Affirmed.