Argued and submitted January 31, vacated and remanded for resentencing
May 21, 1986

# STATE OF OREGON,
*Respondent,*

*v.*

# MORRIE LEIGH FINN,
*Appellant.*

(C85-01-30082; CA A36535)

719 P2d 898

John P. Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals his convictions for delivery and possession of a controlled substance. ORS 475.992. Both convictions resulted from a single transaction, in which an informant arranged a deal whereby defendant would sell one ounce of cocaine to an undercover police officer. Defendant argues that the convictions should have been merged. We agree and vacate the conviction for possession and remand for resentencing.

Merger exists "when the completion of one offense necessarily includes commission of acts sufficient to constitute violation of another statute." *State v. Cloutier,* 286 Or 579, 586, 596 P2d 1278 (1979); *see also, e.g., State v. Wigget,* 75 Or App 474, 707 P2d 101 (1985). When there is a merger, a judgment of conviction on only one of the charges is proper. *State v. Cloutier, supra,* 286 Or at 597. Although the legislature can make a single act the basis of several crimes, courts will not interpret a statute to that effect in the absence of evidence that that was the intent of the legislature. *State v. Miller,* 14 Or App 396, 399, 513 P2d 508 (1973).

ORS 475.992 lists prohibited acts and corresponding penalties involving controlled substances. We find no evidence of a legislative intent to subject a defendant to two convictions, for delivery *and* possession, when the prohibited conduct consisted of a single act directed toward the single criminal objective of delivery. *Cf. State v. Ness,* 54 Or App 530, 635 P2d 1025 (1981), *aff'd on other grounds* 294 Or 8, 653 P2d 548 (1980) (legislature clearly expressed its intent to punish separately the manufacture and possession of a controlled substance).

Defendant could not have delivered the cocaine without possessing it. Possession was incidental to the commission of the delivery offense. Under these circumstances, "the assimilation of one crime into the other is so substantial as to warrant an assumption of a legislative intent to merge the two crimes." *State v. Lavender,* 68 Or App 514, 516-17, 682 P2d 823, *rev den* 297 Or 547 (1984). This case is analogous to *State v. Roach,* 271 Or 764, 534 P2d 508 (1975), in which the Supreme Court merged convictions of robbery and possession of a stolen motor vehicle, concluding that the defendant's

single criminal act, which gave rise to both charges, could not be the basis of two separate convictions.

We have considered defendant's other assignments and hold them to be without merit.

Conviction for delivery of a controlled substance affirmed; conviction for possession of a controlled substance reversed; remanded for resentencing.