Argued and submitted November 26, 1985, remanded with instructions to vacate
judgments, otherwise affirmed June 4, 1986

STATE OF OREGON,
*Respondent,*

*v.*

SHARON DAWN ILES,
*Appellant.*

(84-1034-C, 84-1035-C, 84-1036-C, 84-1037-C;
A35680, A35681, A35682, A35683)
(Cases consolidated)

719 P2d 519

Shaun S. McCrea, Eugene, argued the cause for appellant.
With her on the brief was McCrea, P.C., Eugene.

Jonathan H. Fussner, Assistant Attorney General, Salem,
argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals four separate convictions for delivery of a controlled substance and four separate convictions for possession of a controlled substance. She contends that the verdicts were improper and that the court could not lawfully order restitution.

Defendant was charged in four separate indictments with delivery of a controlled substance. Each indictment alleged, in identical language, that she had delivered cocaine, but each alleged a different date of delivery. Her principal defense was that she was entrapped by the police agent into committing the alleged acts. The cases were consolidated for trial to a jury. The court instructed the jury on the elements of the four charged offenses of delivery of cocaine and, at the request of the state, on the lesser included offenses of possession of cocaine. The jury returned eight verdicts of guilty —four verdicts for delivery of cocaine as charged and four for possession of cocaine, as lesser included offenses of the crimes charged in the indictments.

Defendant objected to the verdicts on the basis that she could not be convicted of both delivery and possession of the same cocaine. The court denied the objection and ruled that the lesser included offenses of possession "merged" into the charged offenses of delivery. Defendant was sentenced on each of the four indicted offenses.

Defendant's argument appears to be that she was prejudiced by submission of all eight charges to the jury. She did not object to the instructions of the court on the lesser included offenses and her objection to the verdict and her motion for new trial did not raise that issue.

Her second contention respecting the verdicts appears to be that the court could not enter convictions on both the charged offenses and the lesser included offenses. We agree. From the evidence, it is clear that the possession of the cocaine was during the act of delivering it to the police informant. Although the court "merged" the possession convictions into the delivery convictions for sentencing, it is not clear that the *convictions* for lesser included offenses were vacated. They should have been. *State v. Finn,* 79 Or App 439, 719 P2d 898 (1986); *State v. Lavender,* 68 Or App 514, 682 P2d

823, *rev den* 297 Or 547 (1984); *State v. Watkins,* 67 Or App 657, 679 P2d 882, *rev den* 297 Or 272 (1984).

As part of the sentence, defendant was ordered to pay $620 to the county as restitution, which was the amount of money expended by the police agent to buy cocaine from her. She contends that the county is not a victim and that it suffered no pecuniary loss. She concedes that the same arguments were made and rejected in *State v. Pettit,* 73 Or App 510, 698 P2d 1049, *rev den* 299 Or 522 (1985), but argues that there are material factual distinctions. There are not. The order of restitution was not unlawful.

Remanded with instructions to vacate judgments of convictions on lesser included offenses of possession of controlled substance; otherwise affirmed.