Argued and submitted February 28, affirmed in part and reversed in part July 23, 1986

# STATE OF OREGON,
*Respondent,*

*v.*

# MICHAEL ALBERT McNAMER,
*Appellant.*

(85-780-C-1, 85-781-C-1, 85-782-C-1, 85-783-C-1;
CA A36465 (Control), A36466, A36467, A36468)
(Cases Consolidated)

722 P2d 51

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Keith L. Kutler, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals his convictions in four consolidated cases and seeks modification of his sentence. He was found guilty of one count of conspiracy to deliver a controlled substance, four counts of delivery of a controlled substance and four counts of possession of a controlled substance. We reverse in part and affirm in part.

In case number 85-780-C-1, convictions for conspiracy to deliver a controlled substance and possession of a controlled substance were "merged" for sentencing purposes into the conviction for delivery of a controlled substance. Defendant was placed on probation for five years with the condition that he serve one year in the county jail. In cases numbered 85-781-C-1, 85-782-C-1, and 85-783-C-1, the court merged, for sentencing purposes only, each conviction for possession of a controlled substance into each conviction for delivery of a controlled substance. The court placed defendant on probation for five years and included the condition in case number 85-781-C-1 that he serve one year in the county jail. That sentence was to be served consecutively to the sentence imposed in case number 85-780-C-1; the probationary sentences were to run concurrently.

On appeal, defendant assigns as error the trial court's failure to merge, not just the sentences, but the convictions in each indictment into the convictions for delivery of a controlled substance. He also contends that the trial court exceeded its authority by imposing two consecutive one-year sentences in the county jail as conditions of probation.

The state concedes that the convictions for conspiracy and possession should have merged with the conviction for delivery but urges us not to consider the merger question at all, because defendant did not raise the issue at trial. Appellate courts will not consider merger questions not raised in the trial court, unless the unpreserved merger question constitutes egregious error.

> "* * * In considering the egregiousness of an alleged merger error, some of the factors to be considered are concurrent versus consecutive sentences and the closeness of the question." *State v. Applegate,* 39 Or App 17, 25, 591 P2d 371, *rev den* 287 Or 301 (1979).

If the question is not a close one, it is egregious error. Under this standard, we reach the merits of defendant's argument.

■ Defendant asserts that the conspiracy conviction should merge into the delivery convictions on the ground that, under ORS 161.485(3), he cannot be convicted of both the substantive offense of delivery and of conspiracy. ORS 161.485(3) provides:

"A person shall not be convicted on the basis of the same course of conduct of both the actual commission of an offense and an attempt to commit that offense or solicitation of that offense or conspiracy to commit that offense."

Defendant is correct; his conviction for conspiracy to deliver a controlled substance is vacated. *See, e.g., State v. Matt,* 64 Or App 718, 669 P2d 840 (1983).

■ He also contends that possession is a lesser included offense of delivery, requiring merger of those convictions. We held in *State v. Finn,* 79 Or App 439, 719 P2d 898 (1986), and *State v. Iles,* 79 Or App 586, 719 P2d 519 (1986), that convictions for possession of a controlled substance merge with convictions for delivery of a controlled substance. In *Finn,* we noted that a defendant could not deliver a controlled substance without possessing it. Because "the assimilation of one crime into the other was so substantial," we assumed that the legislature intended to merge the two convictions. Similarly, in *Iles,* we observed that possession was a lesser included offense of delivery. There, the trial court had merged the charges for sentencing purposes but not for conviction purposes. We held that they should be merged for both.

We reach the same conclusion here. The trial court erred in failing to vacate defendant's convictions for possession of a controlled substance.

■ We next address defendant's contention that the trial court erred in sentencing him to two consecutive one-year terms in the county jail as conditions of concurrent five-year terms of probation. ORS 137.540 before amendment provided conditions which could be placed on defendants who were given probationary sentences:

"(2) In addition to the general conditions, the court may impose special conditions of probation for the protection of

the public or reformation of the offender, or both, including, but not limited to, that the probationer shall:

"(a)  Be confined to the county jail for a period not to exceed one year or one-half of the maximum period of confinement that could be imposed for the offense for which the defendant is convicted, whichever is the lesser."

Although defendant argues that the trial court lacked statutory authority to impose consecutive sentences, we held in *State v. Walker,* 77 Or App 464, 713 P2d 666, *rev den* 300 Or 722 (1986), that two consecutive one-year county jail terms could be imposed as conditions of probation. The county jail terms were to be served consecutively to a two and one-half year minimum prison sentence. There is no statutory provision that prohibits consecutive sentences. ORS 137.540(2)(a) merely limits the length of time a defendant may be required to serve in the county jail to one year per conviction or one-half the maximum possible sentence on a particular conviction, whichever is less. Here, the statute permits two one-year sentences.

We have rejected the argument that jail sentences imposed as a condition of probation must be served at the beginning of the probationary term in *State v. Walker, supra,* 77 Or App at 467, and we adhere to that holding here. We hold that the trial court did not err by imposing probationary conditions of two one-year consecutive sentences in the county jail.

■      Defendant's argument that his sentence constitutes excessive, cruel and unusual punishment, violating Article I, sections 15 and 16, of the Oregon Constitution is without merit. *See State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978), *rev den* 285 Or 195 (1979). The sentence does not "shock the conscience."

Remanded with instructions to vacate convictions for conspiracy to deliver a controlled substance and possession of a controlled substance in case number 85-780-C-1 and to vacate convictions for possession of a controlled substance in cases numbered 85-781-C-1, 85-782-C-1 and 85-783-C-1; otherwise affirmed.