Argued and submitted December 20, 1989, resubmitted In Banc May 9, affirmed
July 18, reconsideration denied November 14, petition for review denied
December 18, 1990 (311 Or 13)

# STATE OF OREGON,
*Respondent,*

*v.*

# LYNDEN EUGENE OWENS,
*Appellant.*

## (88-CR-757; CA A60064)

795 P2d 569

Peter Gartlan, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Acting Public Defender, Salem.

Kathryn H. Waldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

ROSSMAN, J.

Graber, J. pro tempore, dissenting.

## ROSSMAN, J.

Defendant appeals his convictions by a jury for robbery in the first degree, ORS 164.415, and theft in the third degree. ORS 164.043. He contends that, because theft merges into robbery, the judgment should have reflected the commission of only one offense. We affirm.

Defendant took a carton of cigarettes from the shelf of a store and left without paying for it. A clerk followed him to the parking lot and told him to wait for the manager. A person who was accompanying defendant put a knife to the clerk's chest and asked the clerk if he thought "it was worth it," whereupon the clerk stepped aside. By then, the store manager had arrived. He questioned defendant about the cigarettes. Defendant threw the cigarettes under a car and responded, "What cigarettes[?]" Then he and his companion got into a car and drove away.

Defendant argues that "[t]he relationship [between the robbery and the theft] * * * creates an example of true merger." According to him, because "robbery necessarily involves a theft or attempted theft, in those instances where theft and robbery involve the same property, the offense of theft necessarily merges into the robbery offense."

Defendant is mistaken. ORS 161.067(1) states:

"(1)  When the same conduct or criminal episode violates two or more statutory provisions and *each provision requires proof of an element that the others do not,* there are as many separately punishable offenses as there are separate statutory violations." (Emphasis supplied.)

Robbery requires the use or threatened use of force; theft does not. Theft requires the completed taking of the property of another; robbery does not.[1] Accordingly, the plain language of the statute precludes merging the two offenses.[2]

---

[1] Robbery can arise out of the commission of an *attempted* theft. ORS 164.395(1).

[2] It is possible to argue that defendant committed only one offense, because the state, having proceeded on the theory that he committed a completed theft, proved no element that is not common to robbery. However, "[t]he elements of proof of a criminal offense are controlled by the statute defining the offense, not by the factual circumstances recited in the indictment." *State v. Atkinson,* 98 Or App 48, 50, 777 P2d 1010 (1989). The statute means exactly what it says: Because each of the *statutory provisions* defining the crimes of robbery and theft require proof of an element that the

Even if defendant is correct in his interpretation of ORS 161.067(1), merger nevertheless would be foreclosed by operation of ORS 161.067(2),[3] which provides, in pertinent part:

"(2)   When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, *there are as many separately punishable offenses as there are victims.*" (Emphasis supplied.)

As the state points out, there were two victims of defendant's offenses—the store's owner was the victim of the theft, and the clerk was the victim of the robbery. Thus, even if defendant's conduct violates only one statutory provision under subsection (1), he nevertheless has committed separately punishable offenses under subsection (2).

That reading of the statute is consistent with its purpose. The Supreme Court construed ORS 161.062 and, by implication, ORS 161.067[4] in *State v. Crotsley,* 308 Or 272, 779 P2d 600 (1989). It observed that the proponents of those statutes

"clearly intended that criminal records accurately reflect all crimes actually committed and that a person who commits

---

other does not, the two offenses cannot be merged.

For that reason, we held in *State v. Cheney,* 92 Or App 633, 637, 759 P2d 1119 (1988), that ORS 161.067(1) prevents merging a defendant's convictions for *burglary* and theft:

"The crimes of burglary in the first degree and theft in the first degree each require proof of an element that the other does not. Burglary requires an unlawful entry; theft does not. Theft requires the taking of the property of another; burglary does not. If the burglary is committed with the intent to commit theft, it is complete on entry with that intent, whether or not any taking occurs. ORS 164.225; ORS 164.015. Therefore, under ORS 161.067(1) burglary in the first degree and theft in the first degree are separately punishable offenses."

That analysis is directly applicable to the crimes of theft and robbery.

[3] Defendant's brief does not consider the effect of ORS 161.067(2) on his case.

[4] The Supreme Court explained the relationship between the two statutes this way:

"ORS 161.062 and its not quite identical twin, ORS 161.067, have an intertwined and convoluted relationship. * * *

"In effect, the original proposed multiple conviction and sentencing statute was enacted twice, first in an amended legislative version, ORS 161.062, and later in an unamended initiative version, ORS 161.067. Both statutes remain on the books." *State v. Crotsley, supra,* 308 Or at 276 n 3.

452

multiple crimes by the same conduct or during the same criminal episode should have a criminal record reflecting each crime committed rather than only a single conviction which would not accurately portray the nature and extent of that person's conduct." 308 Or at 276. (Footnote omitted.)

The nature and extent of defendant's crimes against his two victims are not accurately reflected by entry on his record of a single conviction.[5] Accordingly, he has committed two separate offenses.[6]

---

[5] In arguing that "the majority dances around the fact that there *were* two statutes violated," 102 Or App 448, 454, the dissent stumbles over its own analysis. It essentially acknowledges that the purpose of ORS 161.067 is to ensure "that a person who commits multiple crimes by the same conduct * * * should have a criminal record reflecting each crime committed." *State v. Crotsley, supra,* 308 Or at 277. 102 Or App at 455. Because, as the dissent essentially concedes, defendant committed two crimes, the only reasonable interpretation of the statute's language is that it forecloses merger in his case.

[6] The dissent would hold that ORS 161.067(2) applies only to defendants who have violated a single statutory provision. That is an untenable construction of the statute. As the Supreme Court noted in *State v. Crotsley, supra,* 308 Or at 276, the statute was intended to address three sets of circumstances in which a single criminal episode might provide grounds for multiple convictions and sentences. The situations included (a) "where a single criminal episode involve[d] violation of more than one statute;" (b) "where a single criminal episode involve[d] multiple victims;" and (c) "where a single criminal episode involve[d] multiple crimes against the same victim." The three subsections of ORS 161.067 correspond exactly to those three situations. They read, in pertinent part:

"(1) When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations.

"(2) When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims. * * *

"(3) When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent. * * *"

Read as a whole, ORS 161.067(2) forecloses merger in *all* cases in which a single criminal episode involves multiple victims.

Moreover, it would be nonsensical to hold that defendant has committed only one crime for purposes of subsection (1) but has violated two statutes for purposes of subsection (2). If defendant may be punished for only one crime under subsection (1), because his offenses have merged, then he has violated only one provision for purposes of subsection (2). To hold otherwise would ignore the statutory scheme as a whole.

Finally, under the dissent's view, merger would be foreclosed when a defendant

Affirmed.

**GRABER, J.** pro tempore, dissenting.

I do not agree with the majority that either ORS 161.067(1) or (2) precludes the merger of defendant's convictions. Therefore, I respectfully dissent.

The majority correctly notes that an attempted theft, as well as a completed one, can be the predicate for a robbery conviction. ORS 164.395(1). It does not follow, however, that the theft statute requires proof of an element, a completed taking, that the robbery statute does not and that merger is, therefore, foreclosed by ORS 161.067(1).

This case is different from *State v. Crotsley,* 308 Or 272, 779 P2d 600 (1989), and *State v. Atkinson,* 98 Or App 48, 777 P2d 1010 (1989), on which the majority relies. The offenses in those cases *necessarily and invariably* involved elements that were not common to one another. Here, in contrast, the robbery statute expressly makes *both* theft and attempted theft included offenses of robbery. The only support that the majority has for its conclusion is that, *sometimes,* robbery *can* be proved by establishing an attempted theft rather than a completed theft. That does not alter the fact that when, as here, a completed theft occurred and is proved, it has no element that is not common to the ensuing robbery. The theoretical possibility that the state *could* have proven a different included offense is irrelevant to the analysis.

Moreover, had the state proven only attempted theft, it would be beyond question that all of the elements of *that* offense would necessarily be common to robbery and that the robbery and the attempted theft would merge. The majority's reasoning thus leads to a nonsensical result: There are two crimes that, by statute, are *both included* offenses of robbery; one would merge with robbery, but the other would not. I do not believe that ORS 161.067(1) was meant to have that absurd effect.

*State v. Cheney,* 92 Or App 633, 759 P2d 1119 (1988), on which the majority also relies, helps it even less. *Cheney*

---

who has harmed two victims has violated only one provision, but it would be permitted if he has violated two provisions. We decline to adopt an interpretation requiring that absurd result.

holds simply that the special provision in ORS 161.062, under which theft and burglary would merge *notwithstanding* their different elements, was impliedly repealed by ORS 161.067, which was enacted later and omits that provision. However, theft and burglary *never* have common elements under the defining statutes: Theft requires proof of a taking, while the *intent* to take is the comparable element of burglary. The robbery statute provides that a completed theft, along with additional elements, constitutes robbery. In other words, theft cannot be an included offense of burglary, but it is an included offense of robbery. That is the precise reason why the merger of theft and robbery is permitted by ORS 161.067(1).

ORS 161.067(2) presents a closer question. Again, however, I cannot agree with the majority's application of the statute. It is correct, as the majority notes, that there were separate victims of defendant's violations of two statutes. Nevertheless, the majority dances around the fact that there *were* two statutes violated. ORS 161.067(2) is very clearly limited to circumstances where the defendant's conduct violates only one statutory provision. The majority reasons that, if defendant's two convictions merge for purposes of subsection (1), then he is stuck with only one offense for purposes of subsection (2). The majority's footwork is fancy, but it does not succeed. The statute plainly refers and applies only to "*conduct* * * * violating only one statutory provision," not to the number of convictions that result from that conduct.

The majority seeks to bolster its reading of the statute by quoting the *dictum* in *State v. Crotsley, supra,* that describes various situations, including those in which a "single criminal episode involves multiple victims." 308 Or at 276. The majority reasons that, because the *dictum* does not go on to say anything about a single statutory provision, it is contrary to my view that ORS 161.067(2) applies only when there are multiple victims of a defendant's violation of a single provision. The problem with the majority's reliance is that it misunderstands the *dictum* as referring to what "*the statute* was intended to address." (102 Or App at 452, n 5; emphasis supplied.) The *dictum* says nothing about the statute. Its context is:

> "Prior to enactment of ORS 161.062, and in the absence of clear statutory guidance, the courts fashioned judicial rules to

address circumstances in which a single criminal episode provides grounds for multiple convictions and sentences. These include situations [among them, the one quoted by the majority]." 308 Or at 276.

In short, the *dictum* does not purport to interpret ORS 161.067 or its predecessor, ORS 161.062. It simply describes, in general terms, one of the multiple offense/multiple victim problems that the courts had attempted to resolve *before* the legislature and the people tried their hands through ORS 161.062 and ORS 161.067, respectively. The majority's resort to *Crotsley* thus does not aid its attempt to read the words "though violating only one statutory provision" out of the statute or to construe the words as not meaning what they plainly say.

Having disposed of the words of the statute, the majority closes by discussing the statutory purpose and intent. I might agree that, to whatever extent the intent behind an initiative measure can be discerned, ORS 161.067(2) was meant to cover situations like this one. Nevertheless, neither the majority nor I find any authority for the proposition that, in construing popularly enacted legislation, the courts may do what they cannot do in interpreting the legislature's acts, *i.e.*, replace the plain words of the statute with some perceived legislative intent that is contrary to what the statute says.

Defendant's crimes do not come within the merger preclusions of ORS 161.067(1) or (2), and the trial court erred by not merging the convictions.[1]

I dissent.

---

[1] ORS 161.067(1) and (2) do not foreclose merger. The next question is the effect of the non-application of the statute. It may be argued that, if defendant's crimes do not meet one of the statutory tests, then there *cannot* be separately punishable offenses. On the other hand, in that situation, we might next look at the cases that predate the enactment of the statute, to determine whether there are separately punishable offenses. *See State v. Crotsley, supra,* 308 Or at 278. We need not decide in this case which approach is correct, because they lead to the same result here. Under prior law, as we have stated:

"A person cannot be separately convicted and sentenced for robbery based on taking the victim's property and theft based on taking the same property." *State v. Applegate,* 39 Or App 17, 24, 591 P2d 371, *rev den* 287 Or 301 (1979).

*See also State v. McNamer,* 80 Or App 418, 722 P2d 51 (1986); *State v. Atkinson,* 80 Or App 54, 722 P2d 9, *rev den* 302 Or 36 (1986); *State v. Papineau,* 53 Or App 33, 37 n 5, 630 P2d 904, *rev den* 291 Or 662 (1981).

Joseph, Chief Judge, joins in this dissent.