Argued and submitted September 25, convictions for delivery of controlled substance affirmed; convictions for conspiracy and possession vacated; remanded for resentencing November 28, 1990, reconsideration denied January 16, petition for review denied February 5, 1991 (311 Or 150)

# STATE OF OREGON,
*Respondent,*

*v.*

# JUAN JOSE GARCIA,
*Appellant.*

## (C890594CR; CA A62216)

801 P2d 894

Eric R. Johansen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

### WARREN, P. J.

Defendant appeals his convictions for conspiracy to deliver a controlled substance, possession of a controlled substance and two convictions for delivery of a controlled substance. ORS 475.992. The convictions resulted from two transactions. The trial court entered separate convictions and imposed concurrent sentences for conspiracy, possession and one of the delivery convictions. The sentence for the second delivery conviction was ordered served consecutively. The court also imposed a fine of $25,000 on each of the delivery convictions, a total of $50,000.

■ Defendant contends that the trial court erred in failing to give a limiting instruction that testimony used to impeach a witness cannot be considered as substantive evidence. Defendant concedes, however, that he did not request the instruction. Therefore, we decline to review the trial court's failure to give it. *State v. Newberry*, 39 Or App 119, 122, 591 P2d 404 (1979).

■■ Defendant next contends that the trial court erred when it failed to merge his convictions for conspiracy and possession with his convictions for delivery of a controlled substance. The state concedes that the convictions should have merged, because they stemmed from the same transactions. ORS 161.062(1);[1] ORS 161.485(2);[2] *State v. O'Brien*, 96 Or App 498, 774 P2d 1109, *rev den* 308 Or 466 (1989); *State v. Finn*, 79 Or App 439, 719 P2d 898 (1986). Despite its concession, the state argues that we should not review the error, because it was not preserved at trial. ORAP 5.45(2) provides that "the appellate court may consider errors of law apparent on the face of the record," notwithstanding a failure in preservation at trial. We have discretion to review this assignment. *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990).

---

[1] ORS 161.062(1) provides, in part:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

[2] ORS 161.485(3) provides:

"A person shall not be convicted on the basis of the same course of conduct of both the actual commission of an offense and an attempt to commit that offense or solicitation of that offense or conspiracy to commit that offense."

The state argues that we should not reach defendant's merger argument, because he received four concurrent sentences; it relies on *State v. Corpuz,* 49 Or App 811, 621 P2d 604 (1980), and *State v. Applegate,* 39 Or App 17, 591 P2d 371 (1979). *Corpuz* and *Applegate* are distinguishable. We declined to review the convictions in those cases in part because the legal error in the failure to merge the convictions was not clear. For example, *Corpuz* involved separate convictions for DUII, manslaughter and assault. At the time it was decided, no other case had discussed the issue of merger involving those three crimes.

Although defendant in this case received concurrent sentences, that factor is not dispositive against considering the error. This is not a case in which the only error was the failure to merge sentences. *See State v. Collins,* 100 Or App 311, 785 P2d 1084 (1990). Because of the trial court's failure to merge the convictions, defendant has four drug-related felony convictions instead of only two. Collateral consequences that accompany criminal convictions justify our reconsideration of the error. *See State v. Cloutier,* 286 Or 579, 592, 596 P2d 1278 (1979). The trial court should have merged the convictions. We remand for resentencing.

■    Finally, defendant argues that the trial court erred in imposing fines and costs without making statutorily required findings about defendant's financial resources. Defendant also failed to raise the issue at the sentencing. The presentence report contains some evidence about defendant's resources, which the judge said that he considered. The record contains evidence on which the required findings could have been made. We decline to review this claim of error.

Convictions for delivery of a controlled substance affirmed; convictions for conspiracy and possession vacated and remanded for resentencing.