Argued and submitted September 28, 1990, affirmed March 6, reconsideration denied
May 1, petition for review denied May 28, 1991 (311 Or 427)

STATE OF OREGON,
*Respondent,*

*v.*

DOROTHY LAVERNE BROWN,
*Appellant.*

(89-1090-AC-3; CA A62572 (Control))

STATE OF OREGON,
*Respondent,*

*v.*

DENNIS MICHAEL FORD,
*Appellant.*

(89-1090-BC-3; CA A62585)
(Cases Consolidated)

807 P2d 316

Ronald K. Cue, Ashland, argued the cause and filed the brief for appellants.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendants appeal from their convictions for manufacture and possession of a controlled substance. ORS 475.992(1) and (4). They contend that the trial court erred in denying their motions to controvert and to suppress evidence and in refusing to merge their manufacturing and possession convictions. We affirm.

On September 15, 1988, a search warrant was issued for defendants' residence. In the affidavit in support of the warrant, the affiant stated that he had been contacted earlier that day by a confidential reliable informant (CRI), who told him that the informant had been in defendants' residence within the past 48 hours. Defendant Brown had shown the informant 10 clear plastic bags that she said contained methamphetamine. The affiant stated that he believed the informant to be reliable, because she had previously given information about drug activity that had been confirmed through independent sources and had participated in two controlled buys for the affiant and Brown had previously been arrested for possession of methamphetamine.

■ Defendants filed a motion to controvert the good faith, accuracy and truthfulness of the affiant, ORS 133.693(2), and a motion to suppress the results of the search. In support of their motion to controvert, they offered to produce evidence regarding the search of a residence and the arrest of a person who they contended was the confidential reliable informant. The trial court stated that defendants' evidence

> "would necessarily require the disclosure of the CRI, and I don't feel that a sufficient standard has been set forth in [OEC 510] to merit that. * * * [I]n my view, the issue is not reachable under the present Oregon procedures[.]"

The trial court refused defendants' evidence and denied their motions. Defendants made an offer of proof:

> "[O]n September, 15, 1988, a search warrant was executed at the residence of [the alleged informant.][1] * * * [T]en packets containing a quarter gram of cocaine and numerous ledgers [were found]. [The alleged informant] was later arrested and

---

[1] Defendants' offer of proof contained the name of the person that they contended was the informant.

taken to the police station. She was never charged, nor was she booked, nor was she arrested. I would also be asking [the alleged informant] if she was the confidential reliable informant in this case. *I do not know her answer.* [The alleged informant's employer] would testify that [the alleged informant] was in fact arrested on the afternoon of September 15, 1988, and other matters stated in * * * the search warrant affidavit[2] and search warrant and the return on [the alleged informant's] residence." (Emphasis supplied.)

Defendants note that, although they never filed a motion under OEC 510, the trial court treated their motion to controvert, in part, as a motion requesting the disclosure of the informer's identity under OEC 510. They argue that they were not required to file a motion under OEC 510 in order to produce the evidence outlined in their offer of proof "and that the evidence should have been received under their Motion to Controvert." We agree.

The trial court refused defendants' evidence, because it perceived a conflict with OEC 510. OEC 510(2) provides that a *"unit of government* has a privilege to refuse to disclose the identity of a person who has furnished information * * * to a law enforcement officer * * *." (Emphasis supplied.) The privilege is that of the unit of government, "rather than that of the witness." Commentary to Oregon Evidence Code Rule 510(2) (1981). Defendants sought to produce testimony from the person who they believed to be the informant and they sought to produce circumstantial evidence that tended to prove that she gave information to the police. They did not request that the state disclose the informant's identity. Therefore, OEC 510 did not apply.

Even though OEC 510 did not require exclusion of the evidence, we need not reverse, unless "the error was likely to have affected the result." *State v. Hansen,* 304 Or 169, 180, 743 P2d 157 (1987); *see* OEC 103(1). Defendants' motion to controvert contested the good faith of the affiant, because defendants contended that the affiant left out important information regarding the veracity of the informant. *See* ORS 133.693(2); *State v. Hermach,* 53 Or App 412, 417, 632 P2d

[2] The affidavit in support of the search of the alleged informant's residence indicates that the person who defendants allege is the informant has a history of methamphetamine possession and sales and that affiant is aware of those facts.

466, *rev den* 291 Or 893 (1981). However, we need not re-examine the affidavit in the light of the controverting evidence, unless defendants have demonstrated a "substantial basis for questioning such good faith * * *." *See* ORS 133.693(2); *State v. Hermach, supra,* 53 Or App at 419.

Defendants argue that a substantial basis exists for questioning the good faith of the affiant, because he "intentionally" did not disclose that the informant had a history of drug possession and drug dealing and that, when the informant provided information to the affiant, the informant had just been snared in a drug raid and was facing criminal charges. Defendants' argument would be correct, if they had established the identity of the informant. However, their offer of proof did not do that. A mere *attempt* to establish the identity of a confidential informant has no bearing on the good faith, accuracy or truthfulness of the affiant.

■     In any event, even assuming that defendants' offer of proof sufficiently established the identity of the informant and that the affidavit must be examined in the light of the omitted facts, there was no error. ORS 133.545(4) provides that an affidavit based on hearsay must "set forth facts bearing on any unnamed informant's reliability * * *." The informant's "reliability," sometimes referred to as "veracity," may be demonstrated *either* by facts showing the informant to be generally "credible" or facts showing the informant's information to be "reliable" on the specific occasion. *State v. Alvarez,* 308 Or 143, 147, 776 P2d 1283 (1989). The affidavit set forth substantial information indicating that the informant is credible. The police had used the informant for other controlled purchases, some of which were monitored by radio, had confirmed through independent sources other information supplied by the informant that implicated third parties and had known the informant for several years. Even assuming that defendants did establish the informant's identity, the omitted facts, indicating a motive for the informant to fabricate the particular information given to the affiant, did not detract from the informant's *credibility. See State v. Alvarez, supra.* Therefore, defendants' motion to suppress was properly denied. *See State v. Hermach, supra,* 53 Or App at 421.

■     Defendants argue that the trial court should have merged the convictions for possession and manufacture,

because both "charges arose out of identical facts." The parties stipulated to the police reports, crime lab report and photographs that resulted from the search and subsequent arrest. In the search, the police found, in the base of a blender, several clear plastic bags that contained varying amounts of methamphetamine. In a cracker box in the kitchen, they found a clear plastic bag that contained methamphetamine residue. In the den, they found a scale, several small, clear plastic bags, and a bottle that contained Inositol, a substance used in cutting methamphetamine. During defendants' arrest, the police seized $1,070 in cash from Ford and $614 from Brown. The trial court did not make any findings regarding the factual bases for each conviction.

ORS 161.062(1) and ORS 161.067(1),[3] which preclude merger under certain circumstances, provide, in pertinent part:

> "When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

The indictment states that the possession charges arose out of the same conduct from which the manufacturing charges arose. Defendants do not dispute that the evidence supported the convictions under both ORS 475.992(1) and (4), separate statutory provisions. Moreover, each of those provisions requires proof of an element that the other does not.

■ ORS 475.005(14) defines "manufacture" as

> "the production, preparation, propagation, compounding, conversion or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container * * *."

Possession does not necessarily require proof of any of those

---

[3] ORS 161.067(1) was adopted in the 1986 general election as part of the "Crime Victims' Bill of Rights" and includes most of the same language as ORS 161.062(1). Or Laws 1987, ch 2, § 13.

activities. Under the circumstances, if the manufacturing convictions were based on the repackaging of the methamphetamine, the state may have proved that defendants possessed the methamphetamine. However, "[t]he elements of proof of a criminal offense are controlled by the statute defining the offense, not by the factual circumstances recited in the indictment." *State v. Atkinson,* 98 Or App 48, 50, 777 P2d 1010 (1989). Each of the statutory provisions defining possession and manufacture of a controlled substance requires proof of an element that the other does not; therefore, ORS 161.062(1) and ORS 161.067(1) preclude merger of the offenses. *See State v. Crotsley,* 308 Or 272, 779 P2d 600 (1989); *State v. Owens,* 102 Or App 448, 450 n 2, 795 P2d 569, *rev den* 311 Or 13 (1990); *State v. Atkinson, supra.*

Affirmed.