On appellant's petition for reconsideration filed May 22, reconsideration allowed; decision (106 Or App 774, 810 P2d 882) adhered to September 4, reconsideration denied November 6, 1991, petition for review denied January 21, 1992 (312 Or 588)

STATE OF OREGON,
*Respondent,*

*v.*

THOMAS PHILLIP HENEGHAN,
*Appellant.*

(10 89 03024; CA A64171)

816 P2d 1175

Sally L. Avera, Public Defender, and Ingrid A. Mac-Farlane, Deputy Public Defender, Salem, for petition.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

Edmonds, J., specially concurring.

## PER CURIAM

Defendant petitions for review of our decision that affirmed, without opinion, his convictions for manufacture of a controlled substance, ORS 475.992(1), and possession of a controlled substance. ORS 475.992(4). 106 Or App 774, 810 P2d 882 (1991). We treat the petition as one for reconsideration, ORAP 9.15(1), allow it and adhere to our former decision.

Defendant argues that the trial court erred when it refused to enter only a single conviction and sentence, because both charges arose out of the same act or transaction. He contends:

> "Defendant was alleged to have manufactured and possessed marijuana. Since marijuana is 'all parts' of a particular plant, and since manufacture is producing, preparing, propagating, compounding, converting or processing the plant, one must necessarily possess the plant or a part of the plant in order to manufacture."

For purposes of merger under ORS 161.062(1) and ORS 161.067,[1] the elements of proof of a criminal offense are controlled by the statute defining the offense, not by the factual circumstances recited in the indictment. *State v. Brown/Ford,* 106 Or App 291, 807 P2d 316, *rev den* 311 Or 427 (1991); *State v. Atkinson,* 98 Or App 48, 50, 777 P2d 1010 (1989). Those cases are controlling.

Reconsideration allowed; decision adhered to.

**EDMONDS, J.,** specially concurring.

I agree that the holdings in *State v. Atkinson,* 98 Or App 48, 777 P2d 1010 (1989), and *State v. Brown/Ford,* 106 Or App 291, 807 P2d 316, *rev den* 311 Or 427 (1991), dictate the majority's result, but I suggest that the analysis in those cases is incorrect. In *Atkinson,* the defendant conceded that his convictions for attempted assault and possession of a

---

[1] ORS 161.067(1) was adopted as part of the "Crime Victim's Bill of Rights" in 1986 and includes most of the same language as is in ORS 161.062(2). It provides:

> "When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

weapon by an inmate would normally not "merge," because those crimes do not require proof of identical elements. However, the indictment alleged the crimes in such a way that proof of the completion of one offense necessarily included commission of the acts sufficient to constitute the other offense. We rejected the argument that, because of the wording of the indictment, merger was appropriate. We held that, for the purposes of merger, the elements of proof of a criminal offense are controlled by the statute defining the offense, not by the factual circumstances alleged in the indictment. Under ORS 161.062(1) and ORS 161.067, the offenses cannot be merged if each requires proof of an element that the other does not.

We followed *Atkinson* in *State v. Owens,* 102 Or App 448, 795 P2d 569, *rev den* 311 Or 13 (1990), where the defendant argued that his convictions for robbery in the first degree and theft in the third degree should have merged, because "robbery necessarily involves a theft or attempted theft, in those instances where theft and robbery involve the same property * * *." 102 Or App at 450.

In *State v. Brown/Ford, supra,* the defendants were charged with manufacture and possession of a controlled substance. ORS 475.992(1) and (4). During the search of their residence, police found quantities of methamphetamine, as well as a scale and a bottle that contained a substance used in cutting methamphetamine. We examined the definition of "manufacture" under ORS 475.005(14)[1] and concluded that "[p]ossession [of methamphetamine] does not necessarily require proof of any of those activities." We noted that, although the state may have been able to prove manufacture

---

[1] ORS 475.005(14) provides:

" 'Manufacture' means the production, preparation, propagation, compounding, conversion or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container, except that this term does not include the preparation or compounding of a controlled substance:

"(a) By a practitioner as an incident to administering or dispensing of a controlled substance in the course of professional practice; or

"(b) By a practitioner, or by an authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching or chemical analysis and not for sale."

by evidence that would have also proved possession, that was immaterial under *Atkinson.* Merger was precluded, because "manufacture" and "possession" each require proof of an element that the other does not.

In *State v. Crotsley,* 308 Or 272, 779 P2d 600 (1989), the issue was whether separate first and third degree convictions and sentences may be imposed for a single act of rape or sodomy. The court said:

> "In order for ORS 161.062(1)[2] to be applicable to a defendant's conduct, the following questions must be answered in the affirmative: (1) Did defendant engage in acts that are 'the same conduct or criminal episode,' (2) did defendant's acts violate two or more 'statutory provisions,' and (3) does each statutory 'provision' require 'proof of an element that the others do not.' " 308 Or at 278.

By limiting our inquiry to whether each of the statutory *definitions* requires proof of an element that the other does not and not looking at the facts of a particular case, we ignore the underlying reasons for the doctrine of merger: When the completion of one offense necessarily includes commission of acts sufficient to constitute a violation of another statute, there is only one conviction. *See State v. Cloutier,* 286 Or 579, 586, 596 P2d 1278 (1979). Nothing in ORS 161.067(1) suggests that the electorate intended to abandon that concept when the "Crime Victim's Bill of Rights" was adopted.

It is necessary to look at the underlying facts and not just the statutory elements to determine if convictions should merge. A conviction for manufacture of a controlled substance may arise from conduct that includes the act of possessing it. For instance, if a defendant had a crop of marijuana growing in his field, he would be guilty of both the manufacture and possession of a controlled substance. Under our holdings, he could be convicted for both, even though he had a

---

2 In *Crotsley,* the Supreme Court noted that ORS 161.062 is almost identical to ORS 161.067, and it discussed the history of both statutes:

"In effect, the original proposed multiple conviction and sentencing statute was enacted twice, first in an amended legislative version, ORS 161.062, and later in the unamended initiative version, 161.067. Both statutes remain on the books." 308 Or at 276 n 3.

single criminal objective and undertook one course of conduct. That is an incongruous result. On the other hand, if he was growing marijuana out in the field for distribution and had a supply in his house for his personal use, two convictions would be appropriate, because he had two different criminal objectives.

If we were writing on a clean slate and in the light of *Crotsley,* I would hold that, when a defendant is charged with manufacture and possession of a controlled substance, the threshold inquiry is whether the state is charging the same conduct in its alternative counts. If it is, then only one conviction would be appropriate. If it is not and both counts are proven, then two convictions would be entered. That analysis would be consistent with those cases in which we have merged convictions for *delivery* and possession of controlled substances, both before and after *Atkinson. See State v. Drummond,* 107 Or App 247, 810 P2d 413 (1991); *State v. Garcia,* 104 Or App 453, 801 P2d 894 (1990), *rev den* 311 Or 150 (1991); *State v. Clark,* 98 Or App 478, 779 P2d 215 (1989); *State v. Burlew,* 95 Or App 398, 768 P2d 447 (1989); *State v. McNamer,* 80 Or App 418, 722 P2d 51 (1986); *State v. Iles,* 79 Or App 586, 719 P2d 519 (1986); *State v. Finn,* 79 Or App 439, 719 P2d 898 (1986).

In this case, the state alleged that the manufacture and the possession were part of the same conduct.[3] Under my analysis, we should reverse. However, because of *stare decisis,* I concur.

---

[3] There is no allegation that defendant engaged in an act of possession separate from manufacturing. Police searched defendant's residence pursuant to a search warrant and found marijuana in several locations. They found marijuana plants, as well as bags of marijuana, marijuana buds, dry seedlings, seeds, "growing records" and publications about growing marijuana. Police found no equipment or materials for the personal use of marijuana, such as "roach" clips, pipes or rolling papers.