Argued and submitted May 13, convictions affirmed; sentences vacated and
remanded for resentencing December 11, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# MICHAEL GARRY SARGENT,
*Appellant.*

(C890196CR; CA A64243)

822 P2d 726

Steven L. Price, Hillsboro, argued the cause and filed the brief for appellant.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

Edmonds, J., specially concurring.

## WARREN, P. J.

Defendant was convicted of both delivery of a controlled substance and, as part of the same act and transaction, possession of a controlled substance. ORS 475.992. The trial court did not merge the convictions and gave defendant consecutive sentences. We affirm the convictions but vacate the sentences and remand for resentencing.

■ We have previously held that convictions for delivery and possession merge when they are part of the same transaction.[1] Those cases are not applicable here, however, because they either involve a state confession of error or do not apply ORS 161.067(1),[2] which provides that convictions do not merge if the defining statutes contain different elements. The specific facts of the case are irrelevant in merger analysis; it is purely a question of statutory comparison. *State v. Heneghan*, 108 Or App 637, 816 P2d 1175 (1991); *State v. Owens*, 102 Or App 448, 795 P2d 569, *rev den* 311 Or 13 (1990); *State v. Atkinson*, 98 Or App 48, 777 P2d 1010 (1989). For example, we recently held that possession, ORS 475.992(4), and manufacture of a controlled substance, ORS 475.992(1), do not merge, because it is possible to begin the initial stages of manufacturing a drug, a completed crime, but not yet "possess" it. *State v. Brown/Ford*, 106 Or App 291, 807 P2d 316, *rev den* 311 Or 427 (1991).

■ ■ The state contends that defendant's convictions should not merge, because the possession offense requires proof of an element that the delivery offense does not and *vice versa*. Specifically, the state contends that "delivery"

---

[1] *See State v. Ford*, 107 Or App 364, 812 P2d 13, *rev den* 312 Or 151 (1991); *State v. Drummond*, 107 Or App 247, 810 P2d 413 (1991); *State v. Wigglesworth*, 107 Or App 239, 810 P2d 411, *rev den* 312 Or 151 (1991); *State v. Garcia*, 104 Or App 453, 801 P2d 894 (1990), *rev den* 311 Or 150 (1991); *State v. Jaques*, 100 Or App 611, 788 P2d 461 (1990); *State v. Clark*, 98 Or App 478, 779 P2d 215 (1989); *State v. Burlew*, 95 Or App 398, 768 P2d 447 (1989); *State v. McNamer*, 80 Or App 418, 722 P2d 51 (1986); *State v. Iles*, 79 Or App 586, 719 P2d 519 (1986); *State v. Finn*, 79 Or App 439, 719 P2d 898 (1986).

[2] ORS 161.067(1) was adopted as part of the "Crime Victim's Bill of Rights" in 1986 and includes most of the language in ORS 161.062(2). It provides:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

requires a transfer or an attempted transfer and "possession" does not; and "possession" requires an actual or constructive possession and "delivery" does not.[3] The state argues that a defendant who contracts to buy a controlled substance for future distribution is guilty of delivery, even though he never possesses the drug. It reasons that actions of making arrangements to acquire the controlled substance are a substantial step toward committing the crime of delivery and, therefore, constitute delivery, because delivery includes both an attempted and a completed transfer.

ORS 475.005 defines "delivery" as

"the actual, constructive or attempted transfer, other than by administering or dispensing, from one person to another of a controlled substance, whether or not there is an agency relationship."

Under that definition, we have consistently held that an attempt to transfer a controlled substance is treated the same as a completed transfer. *See, e.g., State v. Fulmer*, 105 Or App 334, 804 P2d 515 (1991); *State v. Stalbert*, 99 Or App 582, 783 P2d 1005 (1989); *State v. Aguilar*, 96 Or App 506, 773 P2d 17, *rev den* 308 Or 315 (1989).

The issue is whether a defendant can "attempt to transfer" a controlled substance without having possession of it. An "attempt" becomes a crime when the defendant takes a "substantial step toward commission of the crime." ORS 161.405.[4] The substantial step must be "strongly corroborative of the actor's criminal purpose," otherwise the

---

[3] ORS 475.992(4) provides, in part:

"It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription * * *."

We have held that possession can be actual or constructive. "Constructive possession" occurs when a person knowingly exercises control or the right to control the illegal substance. *State v. Saude*, 95 Or App 428, 769 P2d 784 (1989). Mere presence in the quarters of others where contraband is found is not sufficient to permit an inference of possession. *State v. Myers*, 55 Or App 370, 637 P2d 1360 (1981); *State v. Coria*, 39 Or App 507, 592 P2d 1057, *rev den* 286 Or 449 (1979); *State v. Nehl*, 19 Or App 590, 528 P2d 555 (1974).

[4] ORS 161.405 provides:

"A person is guilty of an attempt to commit a crime when he intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

defendant's actions are mere preparation. In the *Commentary to the Criminal Code of 1971* 49-50, § 54, there are several examples of activities that, as a matter of law, qualify as criminal attempts:

> "(e) possession of materials to be employed in the commission of the crime, which are specially designed for such unlawful use or which can serve no lawful purpose of the actor under the circumstances;

> "(f) possession, collection or fabrication of materials to be employed in the commission of the crime, at or near the place contemplated for its commission, where such possession, collection or fabrication serves no lawful purpose of the actor under the circumstances;

> "(g) soliciting an innocent agent to engage in conduct constituting an element of the crime."[5]

*State v. Self,* 75 Or App 230, 706 P2d 975 (1985), is illustrative. The defendant was serving a sentence in the Lane County jail. He contacted a third party, Webb, and offered to set up an appointment in San Francisco for Webb to receive five kilos of cocaine. Webb contacted the police. The defendant was charged with "solicitation of another to possess and deliver cocaine," ORS 161.435; ORS 475.992, and was convicted of "solicitation of attempted delivery of a controlled substance." We affirmed, holding that the facts were sufficient to support his conviction. 75 Or App at 239.

We conclude that, if a person solicits another to engage in conduct constituting an element of the crime of delivery, *e.g.,* to provide to the person a controlled substance for the purpose of distribution to third parties, the person has taken a substantial step toward committing the crime of attempted delivery under ORS 475.992(1). Under that statute, the conduct constitutes delivery. Consequently, possession and delivery do not merge as a matter of law, because it is possible to commit the crime of delivery without having a possessory interest in the controlled substance. The cases cited in note 1 are overruled only to the extent that they conflict with this opinion.

---

[5] This court has had cases about subparagraphs (e) and (f). *See, e.g., State v. Aguilar, supra,* 96 Or App at 510; *State v. Boyd,* 92 Or App 51, 756 P2d 1276, *rev den* 307 Or 77 (1988). However, the parties do not cite, and we are unable to find, any case construing subparagraph (g).

We also note that *State v. Frederickson*, 92 Or App 223, 757 P2d 1366 (1988), is distinguishable on its facts. The defendant purchased cocaine from an undercover police officer and was subsequently convicted of delivery of a controlled substance. On appeal, the defendant argued that the delivery statute applies only to the transferor, not to the recipient. We agreed, relying on the plain language of the statute. ORS 475.992(1) defines the crime as a "transfer * * * from one person to another." We relied on the transitive, one-way nature of the verb "transfer," meaning "give," "yield possession or control of" or "send." 92 Or App at 226.[6] The defendant in *Frederickson* had purchased the substance for her own personal use. There was no showing that she intended to distribute it to third parties, unlike in *State v. Self, supra.*

Nevertheless, we vacate defendant's sentences and remand for resentencing. The trial court sentenced defendant to two consecutive probationary terms of three years each. That exceeds the statutory maximum of five years probation allowed in ORS 137.010(4). *See also State v. Marsh*, 78 Or App 290, 716 P2d 261, *rev den* 301 Or 320 (1986); *State v. Maddox*, 29 Or App 787, 564 P2d 1372, *rev den* 280 Or 171 (1971). The state concedes the error, and we accept the concession.

Convictions affirmed; sentences vacated and remanded for resentencing.

**EDMONDS, J.,** specially concurring.

I concur with the majority's opinion for the reasons that I expressed in *State v. Heneghan*, 108 Or App 637, 816 P2d 1175 (1991).

---

[6] In *Frederickson*, we took the definition from *Webster's Third New International Dictionary*, because "transfer" is not defined in the statute. We were unable to find any legislative history to assist in defining "delivery."