Argued and submitted March 31, judgment vacated; remanded with instructions
June 8, 1994

STATE OF OREGON,
*Respondent,*

*v.*

TAMI SUE MODRELL-LYDALL,
*Appellant.*

(CM 91-1663; CA A76985)

876 P2d 315

Peter Gartlan, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Haselton, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from her convictions for possession of marijuana and hashish. ORS 475.992(4)(a). She argues that the trial court erred in denying her a hearing on her motion to controvert the accuracy of the information in the affidavit supporting the issuance of a search warrant and in denying her motion to suppress the evidence seized as the result of the execution of the warrant. We reverse.

■ Defendant was arrested following the execution of a search warrant at her residence. In the affidavit in support of the warrant, the affiant stated that he had been contacted by a confidential informant (CI), that the CI reported seeing a growing marijuana operation over the course of five years in defendant's residence and that the CI provided details of the operation. The affiant also stated that the CI took a polygraph examination, that the examination was based on statements made in relation to the operation and, based on the examination, the examiner formed an opinion that the CI was truthful.

In support of defendant's pretrial motion to controvert under ORS 133.693,[1] defendant's attorney filed an affidavit that said, in part:

"3) Ronald Simpson formerly lived with Shelia Haack and is still friendly with her. *Recently she has been telling him that she and her current roommate, Gina Anderson and Gina's boyfriend, Steve Sperling, are the CI's in these cases.* She has told him about meeting with the District Attorney on the issues.

"4) Greg Ferebee, a private investigator, contacted Shelia Haack. *I understand she verified Ron Simpson's*

---

[1] ORS 133.693 provides, in part:

"(1) Subject to the provisions of subsection (2) of this section, in any proceeding on a motion to suppress evidence the moving party shall be entitled to contest, by cross examination or offering evidence, the good faith, accuracy and truthfulness of the affiant with respect to the evidence presented to establish probable cause for search or seizure.

"(2) If the evidence sought to be suppressed was seized by authority of a search warrant, the moving party shall be allowed to contest the good faith, accuracy and truthfulness of the affiant as to the evidence presented before the issuing authority only upon supplementary motion, supported by affidavit, setting forth substantial basis for questioning such good faith, accuracy and truthfulness."

*information.* I understand she told Mr. Ferebee that she related some hearsay information about Ron Simpson and his friends to Gina Anderson, and that she thinks Gina Anderson used that information to become the CI in these cases because she wanted to get Ron Simpson out of Shelia Haack's life. She said the police told the ladies that they did not have to worry about being discovered because the police would distort the information in the search warrant affidavit. *I understand Shelia Haack also told Mr. Ferebee that some of the information in the warrant was wrong.*" (Emphasis supplied.)

The trial court held that defendant was not entitled to a hearing on her motion to controvert because the affidavit did not "demonstrate a *substantial basis* for the court to conclude that the affiant-officer did not act in good faith or was inaccurate or untruthful." (Emphasis in original.) Apparently, the affidavit in support of the search warrant was used to secure several warrants and several other defendants also filed motions to controvert. At the hearing on those motions, one of the defense attorneys argued that if the defendants called the CI as a witness,

"[w]hat [the CI] would say, I believe would be that, 'I told him something else other than what he wrote down in his affidavit because I wasn't there. I didn't do these things. These are things that were related to me by some other party, which I related to him. He put it down there as my first-hand experience in part to cover up my identity, but, in fact, this was second or third-hand matters that I received from somebody else.' "

The state argues that this case is controlled by our holding in *State v. Brown/Ford,* 106 Or App 291, 295, 807 P2d 316, *rev den* 311 Or 427 (1991), that a mere attempt to establish the identity of a confidential informant has no bearing on the good faith, accuracy or truthfulness of the affiant. However, in this case, defendant's assertion is not that she has "guessed" the identity of the CI, but rather that one of the informants has identified herself and would be expected to testify that the information relayed by the affiant was incorrect and was based on hearsay.

An affidavit based on hearsay must disclose, as far as possible, the means by which an informant obtained information. *State v. Alvarez,* 308 Or 143, 147, 776 P2d 1283 (1989).

The assertion that the CI told the affiant that the information was hearsay and that the affiant deliberately reported the information as first-hand information of the CI sets forth a substantial basis for questioning the affiant's good faith, accuracy and truthfulness. Defendant should have been permitted to put on testimony to controvert the affidavit. Because of our resolution of this issue, we do not address defendant's other assignment of error.

Judgment vacated; remanded with instructions to hold hearing on motion to controvert and to reconsider motion to suppress. If the motion to suppress is granted, the trial court shall order a new trial. If the motion to suppress is denied, the trial court shall reinstate the judgment.