## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID ZUNIGA-OCEGUEADA,
aka David Ocegueada Zuniga,
*Appellant.*

(10-90-05496; CA A66863)

824 P2d 427

Peter Gartlan, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

■ Defendant pled guilty to robbery in the second degree, ORS 164.405, assault in the fourth degree, ORS 163.160, and resisting arrest. ORS 162.315. He argues that the trial court should have merged his convictions for robbery and assault and imposed a single sentence "because the assault was part of the robbery." He urges us to overrule *State v. Owens*, 102 Or App 448, 795 P2d 569, *rev den* 311 Or 13 (1990), in which we held that convictions for robbery and theft could not be merged. He acknowledges that *Owens* stands in direct opposition to his position here but contends that it was wrongly decided.

■ Even if we were inclined to overrule *Owens*, which we are not, doing so would not assist defendant. The statutory and case law are clear. Offenses do not merge if proof of each offense requires proof of an element that the other does not. ORS 161.067(1); *State v. Atkinson*, 98 Or App 48, 777 P2d 1010 (1989). In this case, robbery in the second degree and assault in the fourth degree clearly require proof of elements that are not common to each other.

The robbery charge required proof of a forcible commission or attempted commission of theft with the aid of another person actually present. On the other hand, the assault charge required proof of a knowing infliction of actual physical injury, not just the use or threatened use of physical force. Robbery can occur without necessarily inflicting physical injury; a person can cause physical injury to another without necessarily committing or attempting to commit theft and without the aid of another. Accordingly, the trial court did not err in entering separate convictions and imposing separate sentences for the two crimes.

Affirmed.