Argued and submitted November 15, 2013, affirmed May 20, 2015

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**FRANCISCO JAVIER MUNOZ-JUAREZ,**
*Defendant-Appellant.*

Multnomah County Circuit Court
110130125; A150622

350 P3d 516

Ryan Scott argued the cause and filed the brief for appellant.

Michael R. Salvas, Senior Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Justice J. Rillera, Assistant Attorney General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendant appeals a judgment of conviction arising from his act of shooting at people who were at the apartment of a former gang associate. The jury found defendant guilty of attempted aggravated murder with a firearm (Count 1), two counts of attempted murder with a firearm (Counts 3 and 4), unlawful use of a weapon with a firearm (Count 5), and felon in possession of a firearm with a firearm (Count 6); it acquitted defendant of an additional count of attempted murder with a firearm (Count 2). At sentencing, the trial court merged the guilty verdict for one of the counts of attempted murder into the guilty verdict for attempted aggravated murder. In his second assignment of error, defendant argues that the trial court erred in failing to merge the guilty verdicts for both counts of attempted murder into the guilty verdict for attempted aggravated murder. As amplified below, we conclude that the trial court correctly did not merge those verdicts because defendant attempted to murder two victims. We also reject without written discussion defendant's first assignment of error regarding the admission of testimony about defendant's cellular phone number. Accordingly, we affirm.

Because the jury found defendant guilty, we state the facts in the light most favorable to the state. *State v. Johnson*, 342 Or 596, 598, 157 P3d 198 (2007), *cert den*, 552 US 1113 (2008). In the early morning hours of Christmas Eve 2010, defendant, armed with a gun, went to the apartment of a former associate of his gang, Jimenez. At the time, Jimenez was in the apartment with his girlfriend, his daughter, and two other men—Sanchez and Rocha. When defendant banged on and kicked the front door, Sanchez and Rocha went out the back and came up behind defendant to confront him. Defendant pulled out a gun and fired at Sanchez, who had started running in a different direction from Rocha. When Jimenez heard the gun shots, he ran out the front door and threw a bottle at defendant, and defendant fired in his direction. Defendant then broke a window into the apartment and reached in with his gun, firing in the direction of Jimenez, who had run back inside. Defendant fled the scene and was subsequently arrested.

Among other things, a grand jury indicted defendant of attempted murder of Sanchez and attempted murder of Jimenez. The grand jury also indicted defendant on one count of attempted aggravated murder for "unlawfully and intentionally attempt[ing] to cause the death of another human being, defendant having unlawfully and intentionally attempted to cause the death of an additional human being, in the course of the same criminal episode." The jury found defendant guilty of those three counts.

At sentencing, defendant argued that the verdicts for both of the attempted murder counts should merge into the attempted aggravated murder verdict. Defendant argued that, because the attempted aggravated murder count required two victims, all of the elements for both the attempted murder counts were subsumed by the attempted aggravated murder count. The trial court disagreed and concluded that, because there were two victims, there would be two convictions—an attempted aggravated murder conviction and an attempted murder conviction. The trial court then merged Count 4 (attempted murder of Jimenez) into the attempted aggravated murder count. On appeal, defendant reprises the same argument in assigning error to the trial court's failure to merge the guilty verdicts on both attempted murder counts into the guilty verdict on the attempted aggravated murder count.

Merger of guilty verdicts is governed by ORS 161.067 and the case law construing it. That statute provides, in part:

"(1)  When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations.

"(2)  When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims."

The state contends that, because the attempted aggravated murder count has only one intended victim, the attempted murder count for the different intended victim cannot merge

into it under either subsection, and also cites *State v. Goltz*, 169 Or App 619, 623, 10 P3d 955 (2000), *rev den*, 331 Or 583 (2001) (holding that there may be as many attempted aggravated murder convictions as there are attempted murder victims).

On appeal, defendant acknowledges that, under *Goltz*, if the state had proceeded against defendant on two counts of attempted aggravated murder, one for each victim, those counts could not then be merged. Defendant argues, however, that *Goltz* does not control here because that case addressed multiple counts under the same statutory provision, and did not address the issue of lesser-included offenses under ORS 161.067(1) as presented here. *Id.*; *see also* ORS 161.067(2) ("When the same conduct or criminal episode, *though violating only one statutory provision* involves two or more victims, there are as many separately punishable offenses as there are victims." (Emphasis added.)).

Defendant's argument is thus premised on the contention that we must first address whether the counts merge under ORS 161.067(1), which applies to counts under "two or more statutory provisions." For that part of the analysis, defendant contends that the two counts of attempted murder contain only elements that are also found in the count for attempted aggravated murder because that count required the jury to find that defendant attempted to murder two different victims. Defendant argues that only after those counts are merged can we address whether the remaining single count—attempted aggravated murder—has two or more victims for purposes of ORS 161.067(2), such that there can be two separately punishable offenses. Defendant asserts that there are not two or more victims for that count because, based on *State v. Flores*, 259 Or App 141, 313 P3d 378 (2013), *rev den*, 354 Or 735 (2014), there remains only one victim for purposes of considering ORS 161.067(2)—the victim of the attempted aggravated murder.

We do not agree with defendant that, because he was indicted under two statutory sections, we are required to address his merger argument under ORS 161.067(1) before determining whether ORS 161.067(2) prohibits merger. In *State v. Owens*, 102 Or App 448, 452 n 6, 795 P2d 569,

*rev den*, 311 Or 13 (1990), we rejected that notion because, "[r]ead as a whole, ORS 161.067(2) forecloses merger in *all* cases in which a single criminal episode involves multiple victims." (Emphasis in original.) We further explained:

"Moreover, it would be nonsensical to hold that defendant has committed only one crime for purposes of subsection (1) but has violated two statutes for purposes of subsection (2). If defendant may be punished for only one crime under subsection (1), because his offenses have merged, then he has violated only one provision for purposes of subsection (2). To hold otherwise would ignore the statutory scheme as a whole."

*Id.*; *see also Flores*, 259 Or App at 150 (explaining that the reasoning in *Owens* had been reaffirmed with respect to ORS 161.067(3), which also applies when conduct violates one statutory provision, and stating that "[w]e are unable to discern any principled reason for not applying the same outcome with respect to merged crimes under subsection (2)").

We conclude that ORS 161.067(2) forecloses merger in this case. To accept defendant's argument, we would have to simultaneously conclude that defendant's attempted aggravated murder conviction has two victims for purposes of our merger analysis under ORS 161.067(1), but only has one victim for purposes of our merger analysis under ORS 161.067(2). Defendant cannot have it both ways. If the count of attempted aggravated murder has two attempted murder victims, such that it subsumes both counts of attempted murder under ORS 161.067(1), then there are also two attempted murder victims under ORS 161.067(2), and, thus, the attempted aggravated murder count and second attempted murder count cannot merge.

Our decision in *Flores* does not compel a different result. In that case, there were not two victims. The merged offenses were unlawful use of a weapon with a firearm (UUW-firearm) and felon in possession of a firearm with a firearm (FIP-firearm), arising from the same criminal episode in which the defendant, a felon, possessed and threatened to use a handgun against an acquaintance. 259 Or App at 143. We first concluded that those guilty verdicts merged because the crime of UUW-firearm did not require

proof of any element that was not also required to prove FIP-firearm. *Id.* at 148-49. The state, however, argued that there were two victims—the acquaintance for the UUW-firearm count and the public for the FIP-firearm count. We explained that was not the case because, after merger under ORS 161.067(1), there was only one statutory provision violated—FIP-firearm—for purposes of ORS 161.067(2) and thus only one victim—the public. The problem with the state's argument in that case was that there were not two different victims of FIP-firearm. *Id.* at 150.

This case is not analogous to *Flores*. Even if all three murder counts were to merge under ORS 161.067(1) based on defendant's theory, the single statutory provision remaining—attempted aggravated murder—still has two victims—Sanchez and Jimenez. Moreover, we decline to apply ORS 161.067 in a manner that would create the nonsensical result that a defendant can be convicted of two counts of attempted aggravated murder for attempting to murder two victims in the same criminal episode, under *Goltz*, but nonetheless cannot be convicted of one count of attempted aggravated murder and one count of the lesser offense of attempted murder for the exact same conduct. *See Owens*, 102 Or App at 452 n 6 ("[U]nder the dissent's view, merger would be foreclosed when a defendant who has harmed two victims has violated only one provision, but it would be permitted if he has violated two provisions. We decline to adopt an interpretation requiring that absurd result.").

Affirmed.