STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

VIKTOR S. GENSITSKIY,
*Defendant-Appellant.*

Washington County Circuit Court
C131060CR; A156462

401 P3d 1219

Neil F. Byl, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Susan G. Howe, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

## ARMSTRONG, P. J.

Defendant appeals a judgment of conviction for one count of aggravated identity theft (Count 1), 27 counts of identity theft (Counts 3 through 29), one count of second-degree burglary (Count 2), and one count of third-degree theft (Count 30). Defendant pleaded guilty to all those counts but reserved his argument that his guilty determinations on all 27 counts of identity theft should have merged into his guilty determination on the one count of aggravated identity theft, such that, for those 28 counts, he would be convicted of only one count of aggravated identity theft. On appeal, the state disagrees with defendant's merger argument but concedes that one of the counts of identity theft should have been merged into the count of aggravated identity theft. As explained below, we reject defendant's argument and accept the state's concession that the trial court should have merged one of the counts of identity theft, such that the judgment should reflect convictions for one count of aggravated identity theft and 26 counts of identity theft. Accordingly, we reverse and remand for the trial court to make that correction and remand for resentencing.

The facts are few and undisputed. Defendant was pulled over by a police officer and, when asked by the officer, consented to a search of his car. During the search, the officer found 27 closed files taken from an apartment complex. The files contained the personal identification of at least one person each, including tax returns, employment paperwork, driver's licenses, and social security numbers. Each file contained the personal identification for at least one person whose identification was not in the other 26 files. Defendant was charged with one count of aggravated identity theft, 27 counts of identity theft, one count of second-degree burglary, and one count of third-degree theft. Defendant entered a guilty plea for each of those counts.

At sentencing, defendant argued that all 27 counts of identity theft had to merge into the count of aggravated identity theft because they were lesser-included offenses. The trial court concluded, however, that the counts did not merge because there were separate victims, which precluded

merger. Defendant asserts on appeal that the trial court erred in coming to that conclusion.

Merger of guilty determinations is governed by the anti-merger statute, ORS 161.067, and the case law construing it. That statute provides, in part:

> "(1) When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations.

> "(2) When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims."

The parties agree that the charges against defendant arose from the same criminal episode. The statutory provisions at issue are identity theft, ORS 165.800, and aggravated identity theft, ORS 165.803(1)(d). A person commits identity theft "if the person, with the intent to deceive or to defraud, obtains, possesses, transfers, creates, utters or converts to the person's own use the personal identification of another person." ORS 165.800(1). As charged in this case, a person commits aggravated identity theft if "the person violates ORS 165.800 and has in the person's custody, possession or control 10 or more pieces of personal identification from 10 or more different persons." ORS 165.803(1)(d).

On appeal, defendant reprises his argument that all 27 counts of identity theft must merge with the count of aggravated identity theft. He argues that, under ORS 161.067(1), the counts must merge because the aggravated identity-theft statute requires 10 or more victims of identity theft and the indictment alleged that all 27 counts of identity theft were part of the aggravated identity-theft count, thus making all of the identity-theft counts lesser-included offenses of the aggravated identity-theft count. Defendant also argues that ORS 161.067(2) does not prohibit merger because all 27 victims were the aggregate victim for the aggravated identity-theft count, and, thus, there were not different victims that precluded merger.

The state, for its part, does not dispute that each of the 27 identity-theft counts is a lesser-included offense of the aggravated identity-theft count. However, the state argues that only one count of identity theft merges with the aggravated identity-theft count because there were 27 separate victims and, under ORS 161.067(2), there thus can be 27 separate convictions. The state relies on *State v. Munoz-Juarez*, 271 Or App 261, 350 P3d 516 (2015), to argue that we need not address defendant's merger argument under ORS 161.067(1) because merger in this case is prohibited by ORS 161.067(2).

In *Munoz-Juarez*, the defendant had been convicted of attempted aggravated murder and two counts of attempted murder. The attempted aggravated murder was based on the defendant's attempt to murder two victims during the same criminal episode. At sentencing, the trial court merged the guilty verdict on one of the attempted murder counts into the attempted aggravated murder count. The defendant argued on appeal that both the attempted murder counts must merge into the attempted aggravated murder count under ORS 161.067(1) because they were lesser-included offenses of attempted aggravated murder. *Munoz-Juarez*, 271 Or App at 263-64.

We rejected the defendant's assertion that we were required to address merger under ORS 161.067(1) before considering whether merger was prohibited under ORS 161.067(2). *Id.* at 264. We then concluded that, because there were two attempted murder victims, ORS 161.067(2) foreclosed merger. We stated that, "[i]f the count of attempted aggravated murder has two attempted murder victims, such that it subsumes both counts of attempted murder under ORS 161.067(1), then there are also two attempted murder victims under ORS 161.067(2), and, thus, the attempted aggravated murder count and second attempted murder count cannot merge." *Id.* at 265. We further explained that, even if the counts merged under ORS 161.067(1) into one count of attempted aggravated murder, there would still be two victims for purposes of the anti-merger provision in ORS 161.067(2). *Id.* at 266.

We agree with the state that *Munoz-Juarez* is controlling in this case. Here, there are 27 victims for purposes of the aggravated identity-theft count, such that that count would subsume all 27 counts of identity theft under ORS 161.067(1). However, because there are 27 identity-theft victims, under ORS 161.067(2), "there are as many separately punishable offenses as there are victims."

Defendant asserts that this case is distinguishable from *Munoz-Juarez* because attempted aggravated murder only has one victim, with an attendant circumstance of a second victim; whereas, here, the aggravated identity-theft count has 27 collective victims. Because the 27 victims are aggregated for the aggravated identity-theft count, defendant asserts that there are not separate victims for purposes of applying ORS 161.067(2).

We disagree with defendant's attempt to distinguish *Munoz-Juarez*. As stated in *Munoz-Juarez*, there had to be two *victims* of the attempted aggravated murder for both attempted murder counts to be subsumed by that count under ORS 161.067(1).[1] Nonetheless, ORS 161.067(2) foreclosed merger because there were two victims. The same reasoning applies here. Defendant cannot assert both that the aggravated identity-theft count subsumes all 27 counts of identity theft because there are 27 victims of aggravated identity theft, while at the same time claiming that there are not separately identifiable victims for purposes of applying the anti-merger provision in ORS 161.067(2). *See also State v. Owens*, 102 Or App 448, 452 n 6, 795 P2d 569, *rev den*, 311 Or 13 (1990) ("Read as a whole, ORS 161.067(2) forecloses merger in *all* cases in which a single criminal episode involves multiple victims." (Emphasis in original.)). Accordingly, under ORS 161.067(2), defendant could be convicted of 27 separate offenses. Because the trial court entered convictions for 28 identity-theft crimes, we agree with and accept the state's concession that we must reverse and remand for the trial court to merge one of the counts of identity theft into the aggravated identity-theft count.

---

[1] As relevant in *Munoz-Juarez*, aggravated murder is "murder as defined in ORS 163.115 which is committed under, or accompanied by, any of the following circumstances * * * (d) There was more than one murder victim in the same criminal episode as defined in ORS 131.505." ORS 163.095(1).

Convictions on Counts 1 and 3 reversed and remanded for entry of judgment of conviction for one count of aggravated identity theft; remanded for resentencing; otherwise affirmed.