PER CURIAM
*510 Defendant appeals a judgment of conviction for 43 counts of felony animal neglect in the second degree, ORS 167.325, raising six assignments of error. We write to address defendant's third and fifth assignments of error and reject the balance without further discussion.
In her third assignment of error, defendant contends that the trial court erred when it failed to merge the guilty verdicts on all 43 counts of animal neglect into a single count of conviction. Defendant acknowledges that each count of conviction involved a separate neglected animal and, thus, a separate victim for purposes of merger analysis under ORS 161.067(2) according to our case law. See State v. Hess , 273 Or.App. 26, 35, 359 P.3d 288 (2015), rev. den. , 358 Or. 529, 367 P.3d 529 (2016). However, defendant argues that the fact that ORS 167.325(3)(b) required the jury to find that each offense "was part of a criminal episode involving 11 or more animals" in order to convict means necessarily that "the legislature authorized entry of a single felony conviction when more than 10 animals were involved." In other words, defendant contends that, under such circumstances, the fact that each offense of conviction involved a distinct victim does not preclude merger.
As the state points out, we previously have rejected virtually identical arguments. See *785 State v. Gensitskiy , 287 Or.App. 129, 401 P.3d 1219 (2017), rev. allowed , 362 Or. 482, 412 P.3d 195 (2018) (counts of aggravated identity theft requiring proof that the defendant possessed 10 or more pieces of identification did not merge where each count was based on a different victim). As we explained in Gensitskiy , under the plain terms of ORS 161.067(2), " 'there are as many separately punishable offenses as there are victims.' " Id . at 133, 401 P.3d 1219 (quoting ORS 161.067(2) ). Here, it is undisputed that, under Hess , defendant's offenses involved 43 separate victims. Thus, under the reasoning in Gensitskiy , we reject defendant's third assignment of error.
In her fifth assignment of error, relying on State v. Nichols , 281 Or.App. 658, 660, 383 P.3d 988 (2016), defendant contends that the trial court plainly erred when it imposed a compensatory fine in addition to a punitive fine, rather *511 than imposing a punitive fine and then ordering all or part of it payable as a compensatory fine. The state-correctly-concedes the error. See State v. Moore , 288 Or.App. 85, 86, 404 P.3d 1147 (2017) (accepting concession of error under Nichols ). The state nonetheless contends that we should not exercise our discretion to correct the error, analogizing this case to State v. Garlitz , 287 Or.App. 372, 381, 404 P.3d 1090 (2017), in which we declined to exercise our discretion to correct a similar error where the record indicated that the trial court was almost certain to reach the same result on remand.
Here, in contrast with Garlitz , it is not clear that the trial court will reach the same result on remand. For that reason, we view this case to be more in line with Nichols and Moore . We therefore exercise our discretion to correct the conceded error for the reasons similar to the ones identified in those cases.
Remanded for resentencing; otherwise affirmed.