Submitted on remand from the Oregon Supreme Court January 22; remanded for resentencing, otherwise affirmed September 30, 2020; petition for review denied February 4, 2021 (367 Or 535)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CATHERINE ANN SETERE,
*Defendant-Appellant.*

Columbia County Circuit Court
13CR10375; A162941

476 P3d 117

Defendant was convicted of 43 counts of second-degree animal neglect, ORS 167.325. Each count involved a separate animal. Defendant appealed, contending that each verdict should have merged. The Court of Appeals rejected that contention. *State v. Setere*, 295 Or App 509, 433 P3d 784 (2018). It reasoned that merger was improper because, under the plain terms of ORS 161.067(2), there were as many separately punishable offenses as there were separate victims, and it cited as authority its decision in *State v. Gensitskiy*, 287 Or App 129, 401 P3d 1219 (2017). The Oregon Supreme Court later reversed *Gensitskiy*, and therefore vacated and remanded *Setere* for reconsideration in light of that decision. *Held*: The Court of Appeals adhered to its prior decision. Distinguishable from the circumstances in *Gensitskiy*, each of defendant's counts was based on the same statutory provision, which, under ORS 161.067(2), allowed for as many convictions as there were victims.

Remanded for resentencing; otherwise affirmed.

On remand from the Oregon Supreme Court, *State v. Setere*, 365 Or 721, 453 P3d 549 (2019).

Ted E. Grove, Judge.

Andy Simrin and Andy Simrin PC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Powers, Judge.

LAGESEN, P. J.

Remanded for resentencing; otherwise affirmed.

## LAGESEN, P. J.

The Supreme Court has vacated and remanded this case to us for reconsideration in light of its decision in *State v. Gensitskiy*, 365 Or 263, 446 P3d 26 (2019) (*Gensitskiy II*). *State v. Setere*, 365 Or 721, 453 P3d 549 (2019) (*Setere II*). For the reasons that follow, we adhere to our prior decision.

As set forth in our previous opinion, defendant was convicted of 43 counts of second-degree animal neglect in violation of ORS 167.325. *See State v. Setere*, 295 Or App 509, 510, 433 P3d 784 (2018) (*Setere I*). Each count involved a distinct (and separately named) animal. Although second-degree animal neglect generally is a Class B misdemeanor, ORS 167.325(2), it is a Class C felony if "[t]he offense was part of a criminal episode involving 11 or more animals," ORS 167.325(3)(b). In this case, the indictment alleged, and the jury found, that each of the 43 charges of which the jury found defendant guilty "was part of a criminal episode involving 11 or more animals."

Defendant appealed, raising six assignments of error. *Setere I*, 295 Or App at 510. We rejected all but the third and fifth assignments of error without written discussion. *Id*. As for the fifth assignment of error, we concluded that the trial court plainly erred by imposing a compensatory fine in addition to a punitive fine and that the error should be corrected. *Id.* at 510-11. We remanded for resentencing for that reason.

On the third assignment of error, we rejected defendant's contention that all guilty verdicts must merge into a single conviction for felony second-degree animal neglect. We reasoned that each animal was a separate victim under our decision in *State v. Hess*, 273 Or App 26, 35, 359 P3d 288 (2015), *rev den*, 358 Or 529 (2016). *Setere I*, 295 Or App at 510. We reasoned further that, under the plain terms of ORS 161.067(2), there were as many separately punishable offenses as there were separate victims, meaning that there were 43 separate offenses because each count involved the neglect of a distinct animal. *Id.* In reaching that conclusion, we pointed to similar reasoning we articulated in *State v. Gensitskiy*, 287 Or App 129, 401 P3d 1219 (2017) (*Gensitskiy I*). At the time, the Supreme Court had allowed

review in *Gensitskiy* but had not yet decided it. *See Setere I*, 295 Or App at 510. The Supreme Court later reversed our decision in *Gensitskiy I* and, as noted, vacated and remanded our decision in this case for reconsideration in light of its decision in *Gensitskiy II. Setere II*, 365 Or 721.

On remand, we conclude that the Supreme Court's decision in *Gensitskiy II* confirms our previous decision in this case and, thus, adhere to our previous opinion and disposition.

In *Gensitskiy II*, the defendant had been convicted of one count of aggravated identity theft, in violation of ORS 165.803, based on his possession of the personal information of 27 different people. 365 Or at 265. He had also been convicted of 27 counts of identity theft, in violation of ORS 165.800, one count for each person whose information the defendant possessed. *Id*. At issue was whether all verdicts should merge. The defendant contended that identity theft was a lesser-included offense of aggravated identity theft such that all verdicts should merge into a single conviction for aggravated identity theft. *Id*. In response, the state argued that, because there were 27 separate victims, ORS 161.067(2) allowed for the imposition of 27 separate convictions. ORS 161.067(2) states, in pertinent part, "When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims." Believing that statute to allow for the entry of 27 separate convictions, but not 28, the state conceded that the verdict on one of the identity theft counts should merge with the verdict on the aggravated identity theft count, so that the defendant had 26 convictions for identity theft and one conviction for aggravated identity theft. *Gensitskiy II*, 365 Or at 265. In our decision, we agreed with the state. *See Gensitskiy I*, 287 Or App at 133.

On review, the Supreme Court reversed. In so doing, it concluded that ORS 161.067(2) "applies only to violations of a single statutory provision" and, therefore, did not operate to preclude all verdicts from merging into a single count of aggravated identity theft. *Gensitskiy II*, 365 Or at 295-96. That was because, the court determined, ORS 167.803

(defining aggravated identity theft) and ORS 167.800 (defining identity theft) are separate statutory provisions, and not "a single statutory provision" for purposes of ORS 161.067(2). *Id*. Consequently, according to the court, ORS 161.067(2) did not apply.

Here, by contrast, each count of second-degree animal neglect of which the jury found defendant guilty was based on precisely the same statutory provision as every other count; this case, unlike *Gensitskiy II*, did not find that defendant's conduct violated distinct statutes. As a result, ORS 161.067(2) applies under the Supreme Court's interpretation of it in *Gensitskiy II*. Further, because each count was based on a separate animal and, thus, involved a separate victim under *Hess*, ORS 161.067(2) by its plain terms allowed for as many convictions as there were victims, in this case, 43. Although defendant argues that the circumstance element used to elevate the offense from a misdemeanor to a felony—that the criminal episode involved 11 or more animals—should change that conclusion, that argument conflicts with both *Hess* and the Supreme Court's analysis in *Gensitskiy II*.

Thus, we adhere to our earlier determination that the guilty verdicts at issue here do not merge into a single count of conviction. We also reinstate our earlier determination that the trial court erred when it imposed a compensatory fine in addition to a punitive fine and that the case must be remanded for resentencing for that reason. We otherwise affirm.

Remanded for resentencing; otherwise affirmed.